**No. 65216.**—Salentine & Company, Inc. *v.* United States, protests 272562–K and 272563–K (Milwaukee).

MOLLISON, Judge. The merchandise the subject of these protests is described on the invoices as "polystan plombes" and was assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 1537(b), Tariff Act of 1930, for manufactures of india rubber, not specially provided for, by virtue of the "similitude clause" contained in paragraph 1559 of the said tariff act as in force and effect prior to the effective date of the Customs Simplification Act of 1954.

The claim made in each of the protests is for duty at the rate of 10 per centum ad valorem under the provision in paragraph 1558 of the said act, as modified by the Presidential proclamation relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, supplemented by T.D. 52827, for articles manufactured, in whole or in part, not specially provided for.

Although the word does not appear in any of the general or technical dictionaries possessed by the court, it appears from the record made on the trial of the issue that a "plombe" is a space filler, i.e., an article used to fill a cavity in the body caused by the surgical or other removal of an organ or a part thereof.

It appears to be the plaintiff's position that neither in material, quality, texture, or the use to which they may be applied are the polystan plombes at bar similar to any article classifiable under the tariff enumeration for manufactures of india rubber, not specially provided for, and, consequently, that such plombes are not classifiable by similitude, under paragraph 1559, thereto.

Further, it appears to be the plaintiff's position that, there being no other tariff enumeration under which such plombes may be classified, either directly or by similitude, they properly take classification under the nonenumerated manufactured articles provision in paragraph 1558, as claimed.

The record does not reveal just what article manufactured of india rubber was considered by the collector, in his classification of the merchandise, to bear a similitude of material, quality, texture, or use to the plombes at bar substantial enough to support classification under the similitude clause. In the brief filed on behalf of the plaintiff, it is assumed that the article covered by the tariff enumeration for manufactures of india rubber, not specially provided for, so considered by the collector was india rubber sponges. Inasmuch as the defendant offered no evidence or concessions or admissions whatsoever on the subject, it would appear to be futile to engage in speculation or conjecture on the matter.

However, in our view, the evidence offered by the plaintiff is sufficient to establish that the polystan plombes at bar are not similar to *anything* manufactured of india rubber in either material, quality, texture, or the use to which they may be applied, inasmuch as rubber is never used as an implant in the human body for physiological reasons having to do with the nature of rubber, including its material, quality, and texture. It follows, therefore, that the plaintiff has established the incorrectness of the classification made by the collector.

Although it appears that the case on behalf of the plaintiff was presented by the offer of evidence, both oral and real, and, although counsel for the defendant offered no evidence on its behalf but vigorously opposed the presentation made on behalf of the plaintiff, at the conclusion of the trial, counsel for both parties requested that the case be submitted for decision on the record without the filing of briefs.

When the case was taken up for decision by the court, it was found that substantial questions of law and fact were involved, and counsel for the parties were directed, in accordance with the provisions of rule 33 of this court, to prepare and file briefs within time allowed therefor. In response to the order, counsel for the plaintiff has filed a brief in its behalf, but counsel for the defendant has failed to do so.

As we construe the record, the situation is as follows: The classification by the collector of the merchandise by similitude under paragraph 1559 is tantamount to an admission on the part of the defendant that the merchandise is not classifiable directly under any of the dutiable enumerations of the tariff act. The plaintiff has established that the classification by similitude to manufactures of india rubber was erroneous, and the defendent has not gone forward with the evidence and established the correctness of classification by similitude under any other tariff enumeration. It would appear, therefore, that the classification claimed by the plaintiff under the nonenumerated manufactured articles provision in paragraph 1558, as modified, *supra*, is correct.

On the record presented, we so find and hold, and judgment will issue accordingly.