# 119

## (C.D. 2321)

### Jomac-North, Inc. v. United States

United States Customs Court, First Division

(Decided March 19, 1962)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Murray Sklaroff* and *Richard H. Welsh*, trial attorneys), for the defendant.

Before Oliver, Mollison, and Wilson, Judges

Mollison, Judge: The plaintiff in this case imported into the United States certain coated fabrics, consisting of a rayon base fabric, coated with polyvinyl chloride material. The collector of customs found that there was no dutiable enumeration in the tariff act applicable to the said merchandise, and, by virtue of the similitude provision in paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954,[1] 68 Stat. 1137 (19 U.S.C. § 1001, paragraph 1559(a)), classified the merchandise under the provision in paragraph 1537(b) of the said act, as modified by T.D. 51802, for—

Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for,

taking duty at the rate of 12½ per centum ad valorem.

---

[1] So far as pertinent, paragraph 1559(a), *supra*, reads as follows:

Par. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned * * *.

The protest claims are for duty at the rate of 10 per centum ad valorem under the provision in paragraph 907 of the said act, as modified by T.D. 52739, for—

Filled or coated cotton cloths not specially provided for,

or, alternatively, for duty at the same rate under the nonenumerated manufactured articles provision in paragraph 1558 of the act, as modified by T.D. 52739 and T.D. 52827.

The material was imported in bales and is apparently 36 inches wide and is in long lengths. Some of it was colored black and some yellow, but, regardless of its color, the material is basically the same in each case, that is to say, it is a polyvinyl chloride synthetic material on a rayon backing.

The record establishes that the merchandise is waterproof and that it is used after importation in the manufacture of "industrial rainwear," that term being used to distinguish the resultant product from everyday rainwear on the basis that it is sold only to companies or organizations for use within plants, as for guards, or to municipalities, as for police officers.

In such use, the material is cut and sewn, i.e., tailored, into garments, and, because of the nature of the polyvinyl chloride, the seams can be electronically welded in addition to being sewn, giving them additional strength and making them leakproof. According to the testimony of the purchasing agent of the importer, the material is very flexible and will not stiffen in cold weather, or crack, is strong, washable, resistant to mild acids and greases, and of light weight, all of which features make it particularly adaptable and suitable for industrial rainwear.

It is the plaintiff's contention that the merchandise is not similar, in the use to which it may be applied, to any manufacture wholly or in chief value of india rubber within the meaning of the similitude provisions of paragraph 1559(a), *supra*. Plaintiff bases this contention upon the facts that the features of weldability and noncracking confer upon the imported material uses which are not possessed by materials made with the use of india rubber, or latex, in that the seams of such articles cannot be welded to make them absolutely watertight, and such articles are subject to cracking when cold temperatures are encountered.

Consequently, plaintiff contends that the articles made with latex cannot be used substantially the same way and in the same manner, nor can they be substituted in place of the imported articles. For these reasons, plaintiff contends that lack of similitude of use has been established.

Plaintiff further contends that if the imported articles are similar in the use to which they may be applied to any article enumerated

in the dutiable provisions of the tariff, they are similar to cotton cloth, when coated with a noncracking plastic material that can be welded, viz, coated cotton cloth, dutiable under paragraph 907.

If similitude in that regard cannot be found, plaintiff alternatively contends that there being no direct tariff enumeration applicable to the merchandise, and no enumeration applicable to it by similitude, it is embraced by the catchall provision for nonenumerated manufactured articles in paragraph 1558, *supra*.

Defendant contends that plaintiff has failed to establish by its evidence a *prima facie* case sufficient to overcome the presumption of correctness attaching to the collector's classification.

We are of the opinion that the defendant's contention must be sustained. Plaintiff's proof was directed toward establishing that the *enumerated article*, i.e., manufactures (including coated fabrics) in chief value of india rubber, is not similar, in the use to which it may be applied, to the *imported nonenumerated article*. This is *not* the requirement of the statute, which is to the effect that if the imported nonenumerated article is similar in the use to which it may be applied to an enumerated article, it shall be subject to the same rate of duty as the enumerated article. It seems clear from the evidence that the imported article possesses some features, i.e., weldability and noncracking properties, which make it superior to the enumerated article in the use to which *both* may be applied, i.e., in the manufacture of industrial rainwear, but there is nothing in the record to indicate that, in the use to which the imported article may be applied, it does not achieve substantially the same use, and in substantially the same way, as the enumerated article. *United States* v. *Godillot & Co.*, 3 Ct. Cust. Appls. 128, T.D. 32382. The fact that it does the same job better does not make it dissimilar for the purpose of the similitude statute.

Further, even assuming that plaintiff's evidence established that india rubber-coated material would not be substituted for the imported plastic-coated material in the use to which they are applied, there is nothing in the record to show that the plastic-coated material could not be substituted for the rubber-coated material, and, indeed, the record indicates that this is the fact. Insofar as capability of substitution is a requirement for classification under the similitude statute (*Pickhardt* v. *Merritt*, 132 U.S. 252, 33 L. ed. 353), the requirement is that the imported article shall be capable of being substituted for the enumerated article, and not *vice versa*. The record in the case at bar seems to support the finding of such capability of substitution inherent in the collector's classification.

On the record presented, the protest claims are overruled, and judgment will issue accordingly.