**No. 66695.**—Rubber Fabrics Co. *v.* United States, protest 288899–K (New York).

MOLLISON, Judge: The above-enumerated protest is directed against the action of the collector of customs in assessing duty on merchandise, described on the invoices as "Isofoam X-Ray Positioning Blocks" and as "plastic foam X-Ray positioning blocks," at the rate of 25 per centum ad valorem, by similitude under paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954 (68 Stat. 1137), to the manufactures of india rubber, not specially provided for, enumerated in paragraph 1537(b) of the said act. The pertinent portion of the similitude statute is quoted in the margin.[1]

Plaintiff and defendant are in agreement that there is no direct enumeration in the tariff act which covers the imported articles, but plaintiff contends that there is no provision in the tariff act which is applicable to them by similitude under paragraph 1559(a), *supra*, and that, consequently, they are properly dutiable at the rate of 10 per centum ad valorem under the nonenumerated manufactured articles provision in paragraph 1558 of the said act, as modified by T.D. 52739 and T.D. 52827.

The record contains the following facts: The articles at bar consist of sets of blocks of plastic foam material made in various shapes, such as disks, rectangular blocks, triangular blocks, etc., used to position patients during X-ray examinations. It appears that, in such situations, sandbags, balsa wood covered with cotton, and stuffed pillows of various shapes have also been used. According to the single witness who testified on behalf of the plaintiff, the material of which the blocks at bar were made does not cast any reflections or shadows on the X-ray plate, whereas the materials of which all other positioning blocks are made do cast such reflections or shadows. The witness testified that he had never known rubber articles to have been used for the same purpose as the articles at bar.

No testimony or other evidence was offered by the defendant.

Plaintiff contends that, on this state of the record, the presumption of correctness attaching to the collector's classification, including the finding implicit therein that the imported articles are similar in the use to which they are applied to rubber articles used for the same purpose, has been overcome, and that plaintiff has made out a *prima facie* case in favor of its claim.

---

[1] PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; * * *.

Defendant contends that the plaintiff has failed to establish that rubber is not a material of which positioning blocks are made, and, at any rate, has failed to establish that, if not classifiable by similitude to manufactures of rubber, the merchandise is not classifiable by similitude to any other article enumerated in the dutiable provisions of the tariff act.

We are of the opinion that, on the record before us, judgment must be rendered in favor of the defendant. While plaintiff's witness appears to have had some experience with foam rubber, the record does not establish that he had much, if any, experience with positioning blocks other than those at bar. Consequently, the fact that he had never known or had never seen rubber material used in positioning blocks does not, in itself, overcome the finding, implicit in the collector's classification, that rubber is a material of which positioning blocks are, or have been, made.

Furthermore, it appears from the record that positioning blocks have been made of sandbags, balsa wood covered with cotton, and pillows of various shapes, so that, if not classifiable by similitude to manufactures of rubber, presumably, the merchandise would be classifiable by similitude to manufactures of materials made dutiable in other provisions of the tariff act, such as mineral substances, wood, cotton, etc. Also, the fact that the articles at bar represent an improvement over positioning blocks made of such materials, as the record indicates, is no bar to their classification by similitude to such enumerated articles. *Jomac-North, Inc.* v. *United States*, 48 Cust. Ct. 119, C.D. 2321.

The case of *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216, relied upon by the plaintiff herein as analogous on its facts to the situation in the case at bar, presented quite a different record. There, it was established that, for physiological reasons, rubber was never used as a material of which plombes, such as those there involved were made, thus rebutting the finding implicit in the collector's classification that such plombes were similar in the use to which they might be applied to plombes made of rubber. Further, in that case, the record did not indicate, as it does in this, that plombes were, or had been, made of any material, manufactures of which were enumerated in the tariff act as chargeable with duty.

On the record presented herein, judgment will issue overruling the protest.