BEFORE THE FIRST DIVISION, OCTOBER 10, 1963

No. 68019.—Weather-Rite Sportswear Co., Inc. *v.* United States, protest 62/6077 (New York).

OLIVER, Chief Judge: This protest involves certain rainwear made of synthetic rubber, colored yellow. The merchandise was classified by similitude in use to articles of which india rubber is the component material of chief value, not specially provided for, under paragraph 1559(a) of the Tariff Act of 1930, as amended, and paragraph 1537(b) of the said act, as modified by T.D. 53865 and T.D. 53877, with a duty assessment at the rate of 12½ per centum ad valorem. Plaintiff claims that the merchandise is properly dutiable at only 8½ per centum ad valorem under the provision in paragraph 1558 of the Tariff Act of 1930, as modified by T.D. 54108, for synthetic rubber articles.

The provision in paragraph 1558, as modified, *supra*, under which plaintiff seeks classification for the present merchandise, is a modification of the provisions of paragraph 1558, as originally enacted, which read as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum.

At the outset, it should be noted that the collector's classification of the merchandise by similitude "is tantamount to an admission on the part of the defendant that the merchandise is not classifiable directly under any of the dutiable enumerations of the tariff act." *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216, and that the provisions of paragraph 1558 may be considered only after all of the dutiable enumerations of the tariff act, including the similitude provisions of paragraph 1559, as amended, are found to be inapplicable, *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T.D. 32351; *Oviatt Importing Co.* v. *United States*, 8 Cust. Ct. 276, C.D. 620.

The issue herein is identical with that which was before us in *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910, the record in which case was incorporated herein by consent of the parties. The said case was submitted on an agreed set of facts, which, so far as pertinent herein, establish that the articles in question are in chief value of synthetic rubber, that they are similar in use to rubber rainwear, and that they contain no carbon.

Vitally important to the disposition of the present issue is the tariff distinction of long standing among different kinds or types of rubber articles. In *Knauth, Nachod & Kühne* v. *United States*, 8 Ct. Cust. Appls. 102, T.D. 37220, the appellate court recognized that the language of the successive tariff acts showed that Congress regarded india rubber and hard rubber as different things for tariff purposes. Adherence to that judicial pronouncement was expressed in detail in *A. N. Deringer, Inc.* v. *United States*, 38 Cust. Ct. 327, C.D. 1882, which involved certain automobile tires in chief value of natural rubber and synthetic rubber combined, but not in chief value of natural rubber. In sustaining plaintiff's claim for classification thereof under the provision in paragraph 1537(b), as modified, for automobile tires in chief value of rubber, the court stated as follows:

* * * Paragraph 1537(b) provides not only for tires, wholly or in chief value of rubber, but for manufactures of india rubber, molded insulators and insulating materials, wholly or partly of rubber, and manufactures, wholly or in chief value of hard rubber. India rubber and hard rubber have long been distinguished by Congress. *Knauth, Nachod & Kühne* v. *United States*, 8 Ct. Cust. Appls. 102, T.D. 37220. Synthetic rubber and india rubber have also been distinguished (*Nat E. Berzen, Inc.* v. *United States*, 23 Cust. Ct. 24, C.D. 1183), and synthetic rubber and synthetic rubber articles have been provided for under paragraph 1558 by the General Agreement on Tariffs and Trade, T.D. 51802. It is evident, therefore, that the terms "india rubber," "hard rubber," and "synthetic rubber," as used in the tariff act, are distinguishable and must have narrower meanings than the word "rubber," used without qualification. Under the principle of the cases cited on artificial substances, the latter would include rubber, produced by artificial means, provided it was the same substance or had the essential characteristics and qualities of the material known as rubber, or was known in the trade as rubber.

It is abundantly clear from the cited cases that, for tariff purposes, india rubber, hard rubber, and synthetic rubber are separate and distinct commodities. India rubber has a narrower meaning than the substance or material known as rubber. Synthetic rubber, possessing the essential characteristics or qualities of natural rubber, is rubber.

Consistent with the foregoing analysis, and in the light of the parties' agreement herein that the present merchandise is similar in use to *rubber* rainwear, we find and hold that the collector's classification of the articles by similitude in use to india rubber is erroneous. Since the rainwear involved herein, by virtue of its classification under the similitude provisions of paragraph 1559, as amended, *supra*, is not within any of the enumerated tariff provisions and being admittedly articles in chief value of synthetic rubber, they are properly classi-

fiable under the *eo nomine* provision for such articles in paragraph 1558, as modified, *supra*.

The conclusion makes it unnecessary to review the effect of the concession made by Government counsel in the incorporated case, Abstract 66910, *supra*, admitting the correctness of plaintiff's claim, and which is the subject of much discussion in the briefs filed herein by counsel for the respective parties. Consideration has been given to all of the cases and authoritative references cited by both counsel, but mention has been made only of those cases that lend support to the reasoning followed and the conclusion reached.

On the basis of the combined records before us and for all of the reasons hereinabove set forth, we hold, as we did in the incorporated case as to the merchandise classified by similitude in use to india rubber, that the rainwear in question is properly dutiable at the rate of 8½ per centum ad valorem under the provision in paragraph 1558, as modified, *supra*, for synthetic rubber articles, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.