BEFORE THE FIRST DIVISION, APRIL 23, 1959

No. 62984.—M. Pressner & Co. *v.* United States, protest 323747-K (New York).

OLIVER, Chief Judge: This protest relates to certain miniature glass articles in the form or shape of different kinds of animals. They were assessed with duty at the rate of 50 per centum ad valorem under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, as articles, composed of colored, decorated glass. Plaintiff claims that the merchandise is properly dutiable at the rate of 30 per centum ad valorem under the provisions of paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

218(f) All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed

in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

\* \* \* \* \* \* \*

Other, valued not over $1.66⅔
each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each). [Italics supplied.]_____30% ad val.

The collector's classification of the present merchandise was based on the theory that the items in question are "household articles" and, therefore, are not entitled to the dutiable rate of 30 per centum ad valorem under said paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877.

When the case was called for trial, counsel for the respective parties stipulated that the articles in question are "miniature glass animals that are colored and decorated, and composed in chief value of decorated glass," that they "are not kitchen or table utensils or articles," and that they are "chiefly used in the household on knick-knack shelves." (R. 2–3.)  Examination of the samples in evidence (plaintiff's collective exhibit 1) shows that these articles are tiny glass animals which are very fragile and not susceptible of any utilitarian use.  They are ornamental novelties, usually displayed on knickknack shelves in homes.

The stipulated facts, coupled with the samples in evidence, establish that the items in question are decorated glass articles within the purview of paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, *supra*, and dutiable at the rate of 30 per centum ad valorem, as claimed by plaintiff.

The conclusion is supported by legislative history that is set forth in plaintiff's brief as "ANALYSIS OF PROTOCOL (INCLUDING SCHEDULES) FOR ACCESSION OF JAPAN—ANALYSIS OF RENEGOTIATIONS OF CERTAIN TARIFF CONCESSIONS—Department of State—Publication 5881—Commercial Policy Series 150—Released June, 1955," from which counsel has quoted as follows:

*Glassware, other than table and kitchen or household ware* (par. 218(f)).— A concession was granted Japan on certain types of glassware (other than household ware), blown or colored, cut, engraved, or decorated.  On such ware valued under $1 each, the rate was reduced from 50 percent to 30 percent.  On ware valued at $1 or more but not more than $1.66⅔ each (except if blown or partly blown and cut or engraved), the rate was reduced from 50 cents each to 30 percent.

Glassware covered by these concessions excludes *table, kitchen,* and what is often called *art ware.*  It includes such articles as *glass eyes, wind chimes, miniature glass figures and artificial gem stones of colored glass.*  Imports of such articles come mostly from Japan and in recent years have amounted to several hundred thousand dollars a year.  In 1953 it is estimated that imports of such items amounted to over $300,000.  Domestic production of the type of articles imported under this category is not appreciable.  (Underscoring ours.) [Italics quoted.]

In lieu of a brief, defendant has filed with the court a "NOTICE," stating that "upon consideration of the record made and the brief filed by counsel for plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case."

The protest is sustained and judgment will be rendered accordingly.