BEFORE THE FIRST DIVISION, MAY 17, 1960

No. 64185.—Ace Importing Co., Inc. v. United States, protest 330455–K (New York).

OLIVER, Chief Judge:  This protest has been limited to the merchandise, identified on the invoice as item "#63/3" and described as "Toy, Flower Ball 75mm," which was assessed with duty at the rate of 50 per centum ad valorem under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, supplemented by T.D. 51898, as blown glass articles, not cut or engraved.  Plaintiff claims that the merchandise is properly dutiable at the rate of 30 per centum ad valorem under the provisions of paragraph 218(f) of the Tariff Act of 1930,

as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

[218 (f)] All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

\* \* \* \* \* \* \*

Other, valued not over $1.66⅔ each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each). [Italics supplied.]_____ 30% ad val.

The collector's classification of the present merchandise was based on the theory that the items in question are "household articles" and, therefore, are not entitled to the dutiable rate of 30 per centum ad valorem under said paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877. Since it has been agreed between counsel for the respective parties that the merchandise in question is valued not over $1.66⅔ each, the sole question for determination is whether the item is a "household article." If it is, the collector's classification must be sustained; if not, plaintiff's claim is good.

One witness testified. He was the secretary-treasurer of the plaintiff corporation, an importer of toys. He produced a sample of the present merchandise, which he identified as "a paperweight, shaped like a ball, glass, and it is decorated with figures inside" (plaintiff's exhibit 1). The article consists of a blue plastic base about three-eighths of 1 inch high, upon which is firmly secured a glass ball, approximately 3 inches in diameter. The ball is filled with liquid and contains tiny paper flowers and glass miniature herons. Metallic particles are dispersed throughout the liquid so that, when the article is moved or shaken, a snowstorm effect is created.

The witness testified that he has observed the use of these paperweights for a period of approximately 3 years, that he has seen them used in business offices, either next to telephones or on tops of desks, and also in homes as a decoration on knickknack shelves and in playrooms.

This is a case in which the sample is a potent witness. From an examination thereof, it appears that the merchandise in question, by design and construction, is a paperweight made for use as such. While the article has decorative or ornamental features, its general appearance supports the witness' testimony concerning the use of this paperweight in business offices rather than as a household article.

On this record, it is our opinion that plaintiff's uncontradicted evidence is sufficient to establish, *prima facie* at least, that the item in question is not a household article and, therefore, not within the class of glass articles excepted from the dutiable rate of 30 per centum ad valorem provided for in paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877.

On the basis of the present record, we hold the merchandise, identified on the invoice as item "#63/3" and described as "Toy, Flower Ball 75mm," to be dutiable at the rate of 30 per centum ad valorem under paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, as blown glass articles, not cut or engraved, of the class or type included therein, as claimed by plaintiff.

To the extent indicated, the protest is sustained, and judgment will be rendered accordingly.