BEFORE THE FIRST DIVISION, MAY 16, 1961

No. 65614.—Frank P. Dow Co. and China Dry Goods Co. *v.* United States, protest 58/23704 (San Francisco).

OLIVER, Chief Judge: This protest has been limited to certain merchandise, described herein as "Wooden Kokeshi Figures" (R. 2), and identified on the invoice as items R–214, R–215, R–216, and R–219, which was assessed with duty at the rate of 50 per centum ad valorem under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, supplemented by T.D. 51898, as glass articles of a kind or class provided for therein. Plaintiffs claim that the merchandise is properly dutiable at the rate of 30 per centum ad valorem under the provisions of paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Other, valued not over $1.66⅔ each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued as $1 or more each) [Italics supplied.] _____ 30% ad val.

The issue before us is whether the items in question are "household articles," as contemplated by paragraph 218(f), as modified by T.D. 53865, supplemented

by T.D. 53877. If they are, the collector's classification must be sustained; if not, plaintiffs' claim is good.

Following the admission in evidence of samples of the present merchandise (plaintiffs' exhibits 1 to 4, inclusive), counsel for the respective parties stipulated that the articles in question are "in chief value of glass, and composed of miniature wooden figures contained in the glass, and are not table or kitchen articles or utensils, and are chiefly used in the household on knickknack shelves, as decorative articles."

Counsel for plaintiffs, in their brief, argue that "these figures, being used for ornamental purposes only, are not household articles and are similar to the ornamental glass figures involved in *M. Pressner & Co.* v. *United States*, 42 Cust. Ct. 354, Abs. 62984." In the cited case, the merchandise consisted of "miniature glass animals," colored and decorated, and "composed in chief value of decorated glass," and the issue presented was the same as that before us in this case. Our conclusion therein, sustaining plaintiff's contention, was controlled by legislative history—"ANALYSIS OF PROTOCOL (INCLUDING SCHEDULES) FOR ACCESSION OF JAPAN—ANALYSIS OF RENEGOTIATIONS OF CERTAIN TARIFF CONCESSIONS—Department of State—Publication 5881—Commercial Policy Series 150—Released June, 1955,"—showing that the "Glassware" covered by the concessions, granted under said modified paragraph 218(f), included "such articles as * * * *miniature glass figures*" [italics quoted], which specifically described the articles involved in the cited case.

The items in controversy in this case are materially different from those that were involved in the *Pressner* case, *supra*. An examination of the samples (exhibits 1 to 4, *supra*) discloses that these articles consist of glass frames or cases of different sizes and shapes, that house small wooden figures, either standing alone or in a decorative setting. Their general appearance supports the stipulated fact they they are decorative glass articles. However, they are totally unlike the miniature glass animals that were the subject of the *Pressner* case and cannot be regarded as within the category of the glassware intended to be covered by the concessions granted under paragraph 218(f), as modified, *supra*.

Since the items in question are concededly household articles, they are definitely excluded from the provisions of said modified paragraph 218(f), carrying a dutiable rate of 30 per centum ad valorem. That the present merchandise is used for decorative purposes, as stipulated by the parties, does not deter its classification as household articles. The statutory construction, limiting the provision for household *utensils* to articles serving a "utilitarian purpose" in the household, *Pramette Juvenille Furniture Company* v. *United States*, 36 C.C.P.A. (Customs) 61, C.A.D. 398, is not to be extended to the designation, "household *articles*" [italics supplied], involved herein.

The case of *Ace Importing Co., Inc.* v. *United States*, 44 Cust. Ct. 468, Abstract 64185, is also cited by plaintiffs to support their contention. That case related to certain glass paperweights and involved the same issue as that presented herein. The conclusion, sustaining plaintiff's contention, was based on record evidence, establishing that the paperweights were chiefly used "in business offices rather than as a household article." There is no comparable factual situation in this case. On the contrary, the parties have agreed that the items in question "are chiefly used in the household on knickknack shelves, as decorative articles." The *Ace* case is clearly distinguishable from the present case.

On the basis of the present record, and for all of the reasons hereinabove set forth, we hold the merchandise in question, as heretofore identified, to be properly classifiable as household glass articles under paragraph 218(f), as modified by T.D. 51802, supplemented by T.D. 51898, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.