BEFORE THE FIRST DIVISION, SEPTEMBER 12, 1962

No. 67019.—M. Pressner & Co. v. United States, protest 60/5537 (New York).

OLIVER, Chief Judge: This protest is directed against merchandise that is described on the invoice as "Glass Fawn in Mirror Case" and which was assessed with duty at the rate of 50 per centum ad valorem under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, supplemented by T.D. 51898, as glass articles of a kind or class provided for therein.  Plaintiff claims that the merchandise is properly dutiable at the rate of 30 per centum ad valorem under the provisions of paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Other, valued not over $1.66⅔ each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each) [italics supplied] _____ 30% ad val.

The collector's classification of the present merchandise was based on the premise that the item in question is a household article and, therefore, is not entitled to the dutiable rate of 30 per centum ad valorem under said paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877.

The record consists of a sample of the present merchandise and the oral testimony of two witnesses, both of whom are employed by plaintiff as salesmen.

The article in question (plaintiff's exhibit 1) is a glass mirror case, approximately 2½ inches long, 1 inch wide, and 2 inches high. The sides and top are beveled glass, and the front piece is given a decorative effect by the addition of a thin runner of metallic substance around the edge. Inside the case are two miniature, colored, glass fawns. The back plate of the case is a mirror that is rather crudely painted to give an appropriate background for the deer. The item in its entirety is a glass novelty.

On the matter of use, the combined testimony of both witnesses shows that the article in question is used in offices on bookcases, or as a desk ornament, and that its principal use is in households as a decorative piece on knicknack shelves.

Controlling of the present case is *Frank P. Dow Co. et al.* v. *United States*, 46 Cust. Ct. 477, Abstract 65614, which involved an issue identical with that now before us. In the cited case, the merchandise consisted of "glass frames or cases of different sizes and shapes, that house small wooden figures, either standing alone or in a decorative setting." Stipulated facts, upon which the case was submitted, showed that the articles "are not table or kitchen articles or utensils, and are chiefly used in the household on knickknack shelves, as decorative articles." In excluding the merchandise from the classification urged by plaintiff, we stated as follows:

Since the items in question are concededly household articles, they are definitely excluded from the provisions of said modified paragraph 218(f), carrying a dutiable rate of 30 per centum ad valorem. That the present merchandise is used for decorative purposes, as stipulated by the parties, does not deter its classification as household articles. The statutory construction, limiting the provision for household *utensils* to articles serving a "utilitarian purpose" in the household, *Pramette Juvenille Furniture Company* v. *United States*, 36 C.C.P.A. (Customs) 61, C.A.D. 398, is not to be extended to the designation, "household *articles*" [italics supplied], involved herein. [Italics quoted.]

The reasoning followed in the foregoing quotation, as well as the conclusion reached in the *Dow* case, has equal application herein. In this case, plaintiff's testimony shows that the glass novelty under consideration, like the glass cases involved in the *Dow* case, *supra*, is primarily used in the household on knickknack shelves as a decorative article, thus establishing that the item in question is a household article.

The case of *M. Pressner & Co.* v. *United States*, 42 Cust. Ct. 354, Abstract 62984, cited in plaintiff's brief, is distinguishable. There, the merchandise consisted of "miniature glass animals," colored and decorated, and "composed in chief value of decorated glass," and the issue presented was the same as that before us in this case. Our conclusion therein, sustaining plaintiff's contention, was controlled by legislative history—"ANALYSIS OF RENEGOTIATIONS OF CERTAIN TARIFF CONCESSIONS—Department of State—Publication 5881—Commercial Policy Series 150—Released June, 1955"—showing that the "Glassware" covered by the concessions, granted under said modified paragraph 218(f), included "such articles as * * * *miniature glass figures*" [italics quoted], which specially described the articles involved in the said *Pressner* case. In this case, the article under consideration is a mirror case that is permanently sealed as it houses two miniature, colored, glass deer, that are stationary in a decorative setting. All of the components form a complete unit that is concededly bought and sold as a commercial entity. The novelty item under consideration in this case it not within the kind or type of glassware contemplated by paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, which was involved in the *Pressner* case, *supra*.

The law is well settled that the classification by the collector and his official acts are presumptively correct, *McKesson & Robbins, Inc.* v. *United States*, 27 C.C.P.A. (Customs) 157, C.A.D. 77, and it is equally well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification, *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75. It is also a fundamental principle of customs law that when plaintiff challenged the collector's classification of the present merchandise, it assumed the dual burden of showing that the collector was wrong, as well as proving the correctness of its claimed classification. *Yardley & Co., Ltd., et al.* v. *United States*, 41 C.C.P.A. (Customs) 85, C.A.D. 533. On the evidence adduced herein, plaintiff has not sustained its burden.

For all of the reasons hereinabove set forth, we hold the item in question, described on the invoice as "Glass Fawn in Mirror Case," to be properly dutiable at the rate of 50 per centum ad valorem under paragraph 218(f), as modified by T.D. 51802, supplemented by T.D. 51898, as classified by the collector.

The protest is overruled and judgment will be rendered accordingly.