BEFORE THE FIRST DIVISION, MARCH 6, 1963

No. 67488.—Ace Importing Co., Inc. *v*. United States, protests 58/15516, etc. (New York.)

OLIVER, Chief Judge: The merchandise involved in these four protests is described on the invoices as "Plastic Water Ball" or "Plastic Water Balls" and was classified by similitude in use to blown glass articles, not cut or engraved, under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, supple-

mented by T.D. 51898, and paragraph 1559 of the Tariff Act of 1930, as amended by Public Law 768, section 201 (68 Stat. part 1, p. 1137), and assessed with duty at the rate of 50 per centum ad valorem. Plaintiff claims that the articles in question are properly dutiable at only 30 per centum ad valorem, by similitude in use to the blown glass articles, not cut or engraved, provided for in paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free:

\* \* \* \* \* \* \*

Other, valued not over $1.66⅔ each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each) [Italics supplied.]_____ 30% ad val.

Incorporated herein by consent of the parties is the record in *Ace Importing Co., Inc.* v. *United States*, 44 Cust. Ct. 468, Abstract 64185. There, the merchandise consisted of a glass paperweight (plaintiff's exhibit 1), which was described in the decision as follows:

\* \* \* The article consists of a blue plastic base about three-eighths of 1 inch high, upon which is firmly secured a glass ball, approximately 3 inches in diameter. The ball is filled with liquid and contains tiny paper flowers and glass miniature herons. Metallic particles are dispersed throughout the liquid so that, when the article is moved or shaken, a snowstorm effect is created.

In the cited case, as in the present case, the collector applied the provisions of paragraph 218(f), as modified by T.D. 51802, supplemented by T.D. 51898, and plaintiff claimed classification under paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, but because the merchandise involved in the incorporated case was composed of glass, the similitude provisions of paragraph 1559, as amended, *supra*, were not invoked therein.

The collector's classifications, in the incorporated case as well as in the present one, were based on the theory that the items in question are "household articles" and, therefore, are not entitled to the lower rate of 30 per centum ad valorem under said paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877.

The decision in the incorporated case sustained plaintiff's claim on uncontradicted testimony which, coupled with the sample (exhibit 1, *supra*), established that the glass paperweight in question was "used in business offices, either next to telephones or on tops of desks," rather than as a household article.

At the trial of the present case, five witnesses testified. All of them appeared on behalf of plaintiff. Defendant offered no evidence.

A sample of the merchandise in question is in evidence (plaintiff's exhibit 2). It consists of an oval base, made of white plastic material, about 2¾ inches long, one-fourth of an inch thick, and 2 inches in diameter, with plastic top, shaped like a half-ball, and extending about 2 inches above the base. The half-ball plastic top is filled with liquid and has a crudely painted scene, suggesting "SKYLINE CAVERNS, VA.," that is printed on a paper strip enclosed therein. Toward the front and resting on the bottom are particles of a white powdery substance.

When the article is moved or shaken, the white particles are dispersed, creating a snowstorm effect.

The uncontradicted testimony of plaintiff's five witnesses is conclusive to the effect that the commodity in question is a plastic paperweight, that it is used in business offices in the same manner as the glass paperweight which was the subject of controversy in the *Ace* case, Abstract 64185, *supra*, and that it is never used as a household article. There is also some testimony that it is used as an advertising item.

The collector's classification of the present merchandise, by similitude in use to glass articles, and plaintiff's claim for classification, by similitude in use to glass articles, constitute a virtual concession by the parties that the plastic paperweight under consideration is not classifiable directly under any of the dutiable enumerations of the tariff act. *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216.

In plaintiff's brief, counsel refer to *B. Shackman & Company et al.* v. *United States*, 38 Cust. Ct. 30, C.D. 1839, and *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707. Although the merchandise in both cases consisted of plastic paperweights, the statutory language of the competing provisions involved therein was materially different from the provisions of paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, which is controlling herein. There was no question of classification as a household article presented in either the *Shackman* case or the *Kresge* case. Consequently, there is substantial difference between the issue now before us and the legal aspects of the *Shackman* and *Kresge* cases, so that they have no bearing on the outcome of the present case.

Defendant submitted no brief herein. In lieu thereof, Government counsel filed a "Notice," stating "that this office will not file a brief in the above entitled case."

On the basis of the combined records, as heretofore reviewed, and for all of the reasons hereinabove set forth, we hold that the merchandise, described on the invoices either as "Plastic Water Ball" or as "Plastic Water Balls," is properly classifiable, by similitude in use to the blown glass articles, not cut or engraved, contemplated by paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877, carrying a dutiable rate of 30 per centum ad valorem, as claimed by plaintiff.

The application to the present merchandise of the similitude provisions of amended paragraph 1559, *supra*, as we have concluded, removes from consideration plaintiff's claim for classification under the provisions for nonenumerated manufactured articles in paragraph 1558 of the Tariff Act of 1930, as amended, with duty assessment at the rate of 10 per centum ad valorem. *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T.D. 32351; *Oviatt Importing Co.* v. *United States*, 8 Cust. Ct. 276, C.D. 620.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.