BEFORE THE FIRST DIVISION, DECEMBER 7, 1964

**No. 68922.**—The Keepnews Co. *v.* United States, protest 61/21472 (New York).

OLIVER, Chief Judge: This protest involves certain colored glass articles in the form of fish, ducks, roosters, and pheasants. They were classified as blown glass articles under paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 51802, supplemented by T.D. 51898, and assessed with duty either at the rate of 50 per centum ad valorem, or at 50 cents each, depending upon whether they are valued over or under $1 each. Plaintiff claims that the merchandise is properly dutiable at the rate of 30 per centum ad valorem under the provisions of paragraph 218(f) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, which, so far as pertinent, reads as follows:

218(f)   All articles (not including table and kitchen articles and utensils) of every description not specially provided for composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner whether filled or unfilled, or whether their contents be dutiable or free:

\*          \*          \*          \*          \*          \*          \*

Other, valued not over $1.66⅔ each (except Christmas tree ornaments, *household articles*, and articles and utensils commercially known as bubble glass and produced otherwise than by automatic machine; and except articles and utensils blown or partly blown in the mold or otherwise and cut or engraved and valued at $1 or more each). [Italics supplied.] _____ 30% ad val.

The collector's classification of the present merchandise was based on the theory that the items in question are "household articles" and that, therefore, they are not entitled to the dutiable rate of 30 per centum ad valorem under

said paragraph 218(f), as modified by T.D. 53865, supplemented by T.D. 53877.

The sole witness, who appeared herein, stated she is a bookkeeper and part-time sales lady in the employ of plaintiff. She supplied a sample of one of the items in controversy (invoice item YM–172), which she identified as a Venetian glass duck (plaintiff's exhibit 1). It consists of a plain glass base upon which is mounted, in vertical position, the form of a duck made of green colored glass. The overall height of the article is approximately 1 foot, and it weighs about 3 pounds. All of the other items in question are approximately of the same size and have the same type or kind of base. They differ only in the shape of the animal and the color of the glass.

The witness stated that plaintiff sells the items under consideration at wholesale to buyers for department stores and gift shops and that they are displayed in the china, glass, and gift departments of such establishments. On the matter of use, the witness testified that the articles in controversy are used in the household, as decorations, either on the mantlepiece or on a table.

To support its contention, plaintiff relies on M. Pressner & Co. v. United States, 42 Cust. Ct. 354, Abstract 62984. While the issue therein was the same as that presented herein, the material difference between the classes of merchandise involved in the two cases readily distinguishes the cited case from the present one. In the Pressner case, supra, the articles consisted of "miniature glass animals that are colored and decorated, and composed in chief value of decorated glass," that were "not kitchen or table utensils or articles," and that were "chiefly used in the household on knick-knack shelves." The samples in evidence (plaintiff's collective exhibit 1, protest 323747–K) showed that the articles were "tiny glass animals which are very fragile and not susceptible of any utilitarian use." In holding the merchandise involved in the cited case to be dutiable at the rate of 30 per centum ad valorem under paragraph 218(f), as modified, supra, we were persuaded by legislative history, reflecting an intent of the trade agreement negotiators, to grant a concession to "Japan on certain types of glassware," that included "miniature glass figures"—"ANALYSIS OF PROTOCOL (INCLUDING SCHEDULES) FOR ACCESSION OF JAPAN—ANALYSIS OF RENEGOTIATIONS OF CERTAIN TARIFF CONCESSIONS—Department of State—Publication 5881—Commercial Policy Series 150—Released June, 1955."

No comparable situation is before us in this case. Here, plaintiff's uncontradicted evidence establishes that the items in question are articles used in the household for decorative purposes. That they are not miniature glass figures is obvious from the sample in evidence, exhibit 1, supra. They are household articles within the class or kind of glass articles provided for in paragraph 218(f) of the Tariff Act of 1930, as modified, supra, and dutiable thereunder, as assessed by the collector, and we so hold.

The protest is overruled and judgment will be rendered accordingly.