**No. 69607.**—Oxford Int'l. Corp. *v.* United States, protest 61/24024 (New York).

FORD, Judge: The question raised by the above-enumerated protest is how should certain imported merchandise, described on the invoice accompanying the entry as "#50 OXFORD Sheriff Sirens," be classified for customs duty purposes.

The collector of customs has classified said articles as parts of bicycles in paragraph 371 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed duty thereon at the rate of 30 per centum ad valorem.

Plaintiff herein makes the following alternative claims for classification of said sirens—

1. As machines, not specially provided for, in paragraph 372 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subject to duty at the rate of 11½ per centum ad valorem;

or

2. As articles of base metal, not specially provided for, in paragraph 397 of said act, as modified by the sixth protocol, *supra*, and dutiable at 19 per centum ad valorem.

All other claims in the protest are abandoned.

A sample representing the "#50 OXFORD Sheriff Sirens" in issue was received in evidence as plaintiff's exhibit 1.

Counsel for the adversary parties agreed that the article before the court is composed wholly or in chief value of steel, not plated with platinum, gold, or silver, or colored with gold lacquer.

Salvator DiGaetano, vice president of F. A. Baker Co., Inc., the only witness called upon to testify, proved to be well qualified. It was his testimony that he has seen such articles as original equipment on tricycles, scooters, wagons, and toy automobiles as a warning signal. The clamp on exhibit 1 is of a size to fit a tricycle or scooter handlebar, which is five-eighths of an inch in diameter. The siren can not be used on bicycles because it does not produce a loud enough sound when the bicycle is in motion. Moreover, it would lead to unsafe operation of a bicycle in that you have to take your hand off the handlebar to press down on the siren's piston or plunger.

From the testimony of record and an ocular inspection of exhibit 1, the following is deemed to be a fair description of the article in controversy. The device measures approximately 4¾ inches in overall length. A flat shaft, 4 inches in length, topped by a three-fourths of an inch disk to receive hand pressure, is partially encased in a 1¼ inches by 2¼ inches metal housing, to which is attached a circular container 2¼ inches in diameter, the perimeter and front of which are perforated. Inside said circular container are two gears and a "windmill." Affixed to the shaft housing is a clamp for attaching the device to the handlebar of a vehicle.

The imported device operates as follows: On pressing the piston, teeth thereon fit into the larger of the two gears, which, in turn, engages the smaller gear attached to a windmill causing it to rotate. During the operation of the device, air passing through holes in the perimeter of the round container causes a shrieking sound. The shaft or plunger is returned to its normal position after being depressed by reason of a coil spring attached to the bottom of the shaft.

It was DiGaetano's testimony that exhibit 1 is a practical warning device in the use to which it is put, namely, on a tricycle or a small pedal automobile which is operated on the sidewalk. In all his experience, sirens such as exhibit 1 were never sold as parts of bicycles, and they are not the kind of a device that would be used on a motorcycle, automobile, or any motor vehicle. Further, it was pointed out that articles like exhibit 1 do not have a use as a plaything.

We are of the opinion that the uncontroverted evidence above, including the representative sample, discloses that due to the impracticablity of the imported sirens as warning devices on bicycles, the fact that the attached clamp is not adapted to such use, and that said sirens are used on the handlebars of tricycles, scooters, wagons, and pedal automobiles as warning devices for sidewalk use, the imported devices do not properly come within the provision for parts of bicycles in paragraph 371 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, as classified by the collector of customs.

This conclusion is consonant with the holding of the appellate court in *Gallagher & Ascher Company* v. *United States*, 52 CCPA 11, C.A.D. 849, that—

* * * whether a given article constitutes a part of another article depends upon the nature of the so-called part and, we might add, to some degree on the function and purpose of the so-called part in its relation to the article to which it attaches or with which it is designed to serve.

We direct our attention now to the first of plaintiff's claims that the imported devices should properly have been classified as machines, not specially provided for, in paragraph 372 of the Traiff Act of 1930, as modified by the sixth protocol, *supra*, for which duty at the rate of 11½ per centum ad valorem is provided.

In *United States* v. *IDL Mfg. & Sales Corp.*, 48 CCPA 17, C.A.D. 756, wherein the provision in paragraph 372 of the Tariff Act of 1930, as modified, for machines, not specially provided for, was being construed, the appellate court stated—

The state of the case law leads us to but one conclusion. While many items have been held to be, or not to be, "machines," there is no "judicial determination" of what a machine is. It remains simply a question of common meaning and each case must be decided on the basis of its own facts, technical and legislative.

The appellate court, in *IDL* case, *supra*, affirmed the court below in holding inexpensive hand-operated paper punches of the type used in offices to be "machines" for import duty purposes.

In the subsequent case of *Nord Light, Inc.* v. *United States*, 49 CCPA 12, C.A.D. 786, the court was of the opinion that—

A common meaning of the word "machine" found in the dictionaries which we referred to in the *IDL* case, supra, is a device which may be either simple or complex, whose function is to increase the intensity of an applied force, or to change its direction, or to change one form of motion or energy into another form. Cf. The Columbia Encyclopedia, 2d Ed.

In the *Nord Light* case, *supra*, the Court of Customs and Patent Appeals held that light fixture pulleys came within the common meaning of the term "machines" and were encompassed by the statutory provisions therefor in the tariff act. See also *The Durst Mfg. Co., Inc.* v. *United States*, 50 CCPA 56, C.A.D. 820, wherein the appellate court reversed the trial court and held rotary lawn sprinklers to be machines within the purview of paragraph 372 of the Tariff Act of 1930, as modified.

Other cases to which reference may be made wherein relatively simple devices have been held to be "machines" are *United States* v. *Guth Stern & Co., Inc.*, 21 CCPA 246, T.D. 46777, involving devices for sharpening safety-razor blades, and *United States* v. *August Merckens*, 17 CCPA 318, T.D. 43742, covering slot or vending machines.

In support of its primary claim for classification of the instant sirens as "machines," plaintiff states in its brief as follows:

These sirens are mechanical devices that utilize and employ energy or motion and transmit power. The vertical motion of the plunger is transmitted through cogs to a revolving gear, and the energy of this gear is transmitted through teeth and cogs to a small revolving gear to which is attached a shriek producing "windmill"; the plunger is returned mechanically and automatically to its original position by a coil spring. * * *

In view of the judical precedents above referred to, we are constrained to hold in the instant case that the sirens in issue, though simple in construction and operation, since they do "increase the intensity of an applied force" and "change one form of motion or energy into another form," come within the provision for "machines" in paragraph 372 of the Tariff Act of 1930, as modified.

Defendant, in its brief, while adhering strongly to the collector's classification of the merchandise at bar, points out that in the event the court should look favorably upon either of plaintiff's alternative claims, namely, as machines in paragraph 372 or as metal articles in paragraph 397 the imported sirens must also be found to be "not specially provided for" in some other provision of the tariff act, particular reference being made to the toy provision, paragraph 1513 of the Tariff Act of 1930.

A consideration of the testimonial record and a physical examination of exhibit 1, which is indeed a potent witness, discloses that the imported siren is not such an article which in itself would constitute a "toy" but must be used in conjunction with some other article. It was designed, constructed, manufactured, sold, and used as a part of another article or articles, chiefly, the record would seem to indicate, as part of a tricycle or velocipede.

Although the provisions of paragraph 1513, in addition to providing *eo nomine* for certain toys, contains a provision for "all other toys and parts thereof," the merchandise in controversy cannot find classification within said provision, inasmuch as it has been held in *United States* v. *Associated Mfg. Co.*, 30 CCPA 236, C.A.D. 238, that a tricycle is properly subject to classification as an article of metal, not specially provided for, in paragraph 397.

Although the controversy in the *Associated* case was whether a tricycle was a machine in paragraph 372, the question of whether it was a "toy" not being specifically raised by the plaintiff therein, it is basic that, before an article would be classified within the basket provisions of paragraph 397, the court must be satisfied that it was not elsewhere more specifically provided for.

Whether the sirens in issue are chiefly used with tricycles or with scooters, wagons, or pedal automobiles, we are of the opinion that the rationale of decision in *Associated Mfg. Co., supra,* would apply with equal force and effect.

For the foregoing reasons, we deem the contention of the defendant that the imported sirens are within the tariff provision for "toys," as that term is used in paragraph 1513 of the tariff act, is untenable.

We have found, *supra,* that the imported devices are not parts of bicycles in paragraph 371 of the tariff act; that they are not specially provided for within the provision for toys in paragraph 1513 of said act; and that they are encompassed by the statutory provision for "machines." Accordingly, we sustain the primary claim of plaintiff herein and hold that the imported sirens should properly have been classified as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the sixth protocol, *supra,* and subjected to duty at the rate of 11½ per centum ad valorem. The alternative claim of plaintiff for classification of the controverted merchandise as articles, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of said act, as modified by the sixth protocol, *supra,* is overruled.

Judgment will be so entered.