BEFORE THE FIRST DIVISION, OCTOBER 17, 1966

**No. P66/269.**—S. S. Kresge Co. *v.* United States, protest 63/20418 (New York).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of glass paperweights similar in all material respects to those the subject of *Ace Importing Co., Inc.* v. *United States* (44 Cust. Ct. 468, Abstract 64185), the claim of the plaintiff was sustained.

**No. P66/270.**—Davis Products, Inc. *v.* United States, protest 64/25764 (Los Angeles).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of swim rings and swim aids similar in all material respects to those the subject of *Davis Products, Inc.* v. *United States* (51 Cust. Ct. 159, Abstract 67862) and *Davis Products, Inc.* v. *United States* (52 Cust. Ct. 311, Abstract 68428), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 17, 1966

**No. P66/271.**—Ford Motor Company *v.* United States, protest 62/6577 (Detroit).

RAO, C. J.   In accordance with stipulation of counsel that certain items of merchandise (parts of engines), covered by the foregoing protests (said items being listed in schedule "A," which was attached to and made a part of the decision), are similar in all material respects to those the subject of *Ford Motor Company* v. *United States* (51 CCPA 23, C.A.D. 831), the claim of the plaintiff was sustained.

**No. P66/272.**—Enlite Products Co. *v.* United States, protest 63/17634 (Philadelphia).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of hand operated (not battery operated) sirens of the same kind in all material respects as those the subject of *Oxford International Corp.* v. *United States* (55 Cust. Ct. 472, Abstract 69607), the claim of the plaintiff was sustained.