**No. P67/399.**—Gimbel Bros., Inc. *v.* United States, protest 66/5848 (New York).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of silk handkerchiefs similar in all material respects to those the subject of *Ashear Bros., Inc.* v. *United States* (55 Cust. Ct. 238, C.D. 2582), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 14, 1967

**No. P67/400.**—Levin Bros., Inc., and Isaac B. Cohen & Sons Corp. *v.* United States, protests 66/51149 and 66/47471 (New York).

**No. P67/401.**—Novelty Import Co., Inc. *v.* United States, protest 66/76277 (New York).

WATSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of plastic paperweights similar in all material respects to those the subject of *Ace Importing Co., Inc.* v. *United States* (50 Cust. Ct. 226, Abstract 67488), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 16, 1967

**No. P67/402.**—Remco Industries, Inc., et al. *v.* United States, protests 61/4018, etc. (New York).

WATSON, J.   In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of electric motors similar in all material respects to those the subject of *James G. Wiley Co., a/c Ungar Electric Tools, Inc.* v. *United States* (49 Cust. Ct. 199, Abstract 66961), and that the items of merchandise marked "B" consist of electric motors similar in all material respects to those the subject of *Gamble Vargish & Co., dba Seabury & Co.* v. *United States* (57 Cust. Ct. 448, C.D. 2834), the claim of the plaintiffs was sustained.