**No. 66910.**—Weather-Rite Sportswear Co., Inc. *v.* United States, protests 61/7098, etc. (Los Angeles and New York).

OLIVER, Chief Judge: The merchandise the subject of these protests consists of rainwear made of synthetic rubber, i.e., rainwear in chief value of synthetic rubber. The said rainwear was colored yellow, red, orange, olive drab, charcoal grey, or black. The articles of colors, other than charcoal grey or black, were assessed with duty at the rate of 12½ per centum ad valorem, by similitude under the provisions of paragraph 1559(a), as amended, of the Tariff Act of 1930, to the "manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for," enumerated in paragraph 1537(b) of the said act, as modified by T.D. 53865 and T.D. 53877.

The charcoal grey or black rainwear was assessed with duty at the rate of 15 per centum ad valorem under the provision in paragraph 216 of the said act, as modified by T.D. 51802, for "Articles or wares composed wholly or in

part of carbon or graphite, partly or wholly manufactured, not specially provided for."

The protest claim as to each type of article is for duty at the rate of 8½ per centum ad valorem under the provision in paragraph 1558 of the said act, as modified by T.D. 54108, for "Synthetic rubber and synthetic rubber articles."

The protests have been submitted for decision upon stipulation of counsel which, in addition to setting forth the foregoing facts, states that—

* * * The charcoal grey articles contain less than 1% carbon; the black articles contain between 5% and 9% carbon; the remaining colors contain no carbon.

* * * the primary reason for the carbon in the black articles is for the purpose of producing the black color, and adds no other property to the merchandise.

* * * the charcoal grey merchandise liquidated by the collector as articles in part carbon under Paragraph 216 of the Tariff Act at 15%, is presently classified as liquidated by the collector by similitude to rubber under Paragraph 1559/1537(b) at 12½%.

* * * the merchandise which is the subject matter of the instant proceeding is similar in use to rubber rainwear.

Counsel for the plaintiff, in the brief filed in its behalf, contends that the provision in paragraph 1558 of the tariff act, as modified, for "Synthetic rubber and synthetic rubber articles" is an *eo nomine* provision; that it is not modified by a "not specially provided for" clause, as are the two competing provisions in paragraphs 216 and 1537(b); and that the stipulated description of the merchandise brings it within the designation contained in paragraph 1558.

Counsel for the defendant, in the brief filed in its behalf, concedes that as to the articles which are not in part of carbon, i.e., those assessed under paragraph 1537(b) by similitude, the contention of the plaintiff for duty under the provision for synthetic rubber articles in paragraph 1558 is correct. However, with respect to the articles to which carbon was added, counsel for the defendant contends that the application of the rule of relative specificity requires that they be classified under the provision in paragraph 216.

In this connection, counsel states:

It has been held on many occasions that a provision for articles "in part" of a named material is more specific than a provision for articles in chief value of some other material,

citing *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232; *United States* v. *Marshall Field & Co.*, 17 C.C.P.A. (Customs) 287, T.D. 43693; *United States* v. *Bullocks Inc.*, 24 C.C.P.A. (Customs) 41, T.D. 48330; and *Ropa Co.* v. *United States*, 27 C.C.P.A. (Customs) 42, C.A.D. 59.

In the reply brief filed on behalf of the plaintiff, its counsel points out that the foregoing cases cannot be considered as authorities for the proposition stated, especially as related to the competing provisions in the case at bar, and we agree with this view. The *Altman* case, as counsel for the plaintiff points out, is not relevant to the present issue, inasmuch as the sole question in that case was one of entireties rather than one of relative specificity. The other three cases concern tariff provision competitions in which the provision for articles "in part of" a named material was followed by "invading" language, giving that provision precedence over all other tariff provisions which might otherwise embrace the subject merchandise. None of those cases can be considered to have established a rule which would be applicable in the present case.

We are of the opinion, however, that with respect to the merchandise in question, i.e., that which was classified under paragraph 216, neither the facts stipulated nor the law applicable thereto warrant a judgment in favor of the plaintiff's claim.

Item 1558 of part I of the Presidential proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, reported in T.D. 54108, under which plaintiff claims the merchandise should be classified, reads as follows:

All articles manufactured, in whole or in part, not specially provided for: Synthetic rubber and synthetic rubber articles; and mud-disperant derived from coniferous bark.

The foregoing provision represents a modification of the provisions of paragraph 1558 of the Tariff Act of 1930, which, prior to modification pursuant to the foregoing and other trade agreement action (T.D. 51802), read as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum.

Such a provision, sometimes *in haec verba* (except for differences in rates), and sometimes with differences in language, which do not seem to be material, has appeared in every tariff act enacted by the Congress of the United States. Compare, in recent enactments, paragraph 385, Tariff Act of 1913, and paragraph 1459 of the Tariff Act of 1922.

These provisions have, over the course of years, come to be known as the "nonenumerated articles" provisions, and a body of law has developed with respect to them. One rule of such law is that—

* * * before the nonenumerated provision can be resorted to it must be found that the article is not fairly included within any of the enumerating clauses of the act. [*General Electric Co.* v. *United States*, 4 Ct. Cust. Appls. 398, T.D. 33839.]

It has been held that the authority of the President to proclaim modifications of "existing duties and other import restrictions" is limited by the Trade Agreements Act, as amended and extended, to modifying existing rates of duty on existing classifications, that is to say, that such modifications can only apply to merchandise already comprehended within the designated tariff paragraph. *Abercrombie & Fitch Co.* v. *United States*, 9 Cust. Ct. 336, C.D. 709; *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 26 Cust. Ct. 251, C.D. 1332, affirmed in *Same* v. *Same*, 42 C.C.P.A. (Customs) 190, C.A.D. 592; *United States* v. *Canadian National Railways*, 29 C.C.P.A. (Customs) 272, 278, C.A.D. 202; and *United States* v. *Curley-Bates Co.*, 46 C.C.P.A. (Customs) 14, C.A.D. 688.

Applying the rule of these cases to the *eo nomine* provision for synthetic rubber articles in paragraph 1558, which was effected by the modification of that paragraph contained in T.D. 51802 and T.D. 54108, *supra*, it would appear that there are embraced by that provision only such synthetic rubber articles as would have been classified, prior to the said modifications, under the nonenumerated manufactured articles provision.

Applying the rule of the *General Electric Co.* case, *supra*, to the facts in the case at bar, it would appear that the involved rainwear is fairly included within one of the enumerating clauses of the tariff act, viz, the provision for articles in part of carbon in paragraph 216.

Consequently, it follows that such of the rainwear at bar which was in part of carbon is properly dutiable, as assessed, under the enumeration for manufactured articles in part of carbon, not specially provided for, in paragraph 216, as modified.

The situation in the case at bar is different from that involved in the case of *Atalanta Trading Corp.* v. *United States*, 42 C.C.P.A. (Customs) 90, C.A.D. 577, on which plaintiff chiefly relies, for the reason that the frog legs there involved

had been previously judicially determined not to be dutiable either directly or by similitude under any of the "enumerated" provisions of the tariff act. Consequently, that case is not authority on the question presented in this case.

In the brief filed in behalf of plaintiff, its counsel makes one further point which we believe should be referred to. On page 7 of the brief, counsel states—

* * * It has been stipulated that the charcoal grey garments contain less than 1% carbon and are no longer being classified by the Collector as articles in part carbon under Paragraph 216 (R. 10, 11). No further discussion is therefore necessary with respect to this issue.

The stipulated fact that on current importations of charcoal-grey synthetic rubber rainwear the collector has adopted a classification different from that which he made in the cases at bar does not constitute evidence tending to establish the correctness of either classification, nor does it constitute anything which would take the place of such evidence, such as an admission or concession, which the court might consider as disposing, or tending to dispose, of the issue before it. *Ucagco, Inc.* v. *United States*, 45 Cust. Ct. 168, C.D. 2219.

Counsel has not elaborated upon the reference to the the fact that the charcoal-grey garments contain less than 1 per centum of carbon. Possibly, it was the intent to invoke the *de minimis* rule. If that was the intent, we are of the opinion that the rule is not applicable in this case. Certainly, if the amount of carbon in the articles was sufficient to achieve the purpose which was sought by its inclusion, i.e., the coloring of the articles, it could not be disregarded as trifling and having no effect upon the classification of the articles. *Varsity Watch Co.* v. *United States*, 34 C.C.P.A. (Customs) 155, C.A.D. 359. Compare *Canada Dry Ginger Ale, Inc.* v. *United States*, 43 Cust. Ct. 1, C.D. 2094.

In view of the concession made by the defendant with respect to the articles of colors, other than charcoal grey or black, judgment will issue sustaining the protest claim in each case with respect thereto. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will issue accordingly.