For the reasons stated, the protest is overruled and judgment will be entered for the defendant.

(C.D. 3251)

J. M. RODGERS CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided on rehearing January 15, 1968)

*Stitt, Hemmendinger and Daniels (Noel Hemmendinger* of counsel) ; *John D. Rode,* associate counsel *(Ellsworth F. Qualey* of counsel) ; for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General *(Bernard J. Babb,* trial attorney), for the defendant.

LANDIS, Judge: Defendant moves for rehearing and an order vacating and setting aside the judgment entered August 16, 1967, in *J. M. Rodgers Co., Inc.* v. *United States*, 59 Cust. Ct. 91, C.D. 3084. The relief defendant seeks is an amended judgment overruling the protest.

While this matter comes up as a motion for rehearing, there are no new facts to be heard. What defendant's memorandum in support of the motion does is restate arguments previously considered and discussed in our decision in *Rodgers, supra*. There we held that the collector's classification under paragraph 1539(b), Tariff Act of 1930, as modified, being concededly wrong and, in the absence of any evidence of another tariff paragraph directly classifying black synthetic raincoats, they were properly dutiable by similitude in use (paragraph 1559, as amended) to raincoats of india rubber under paragraph 1539(b), as modified. Defendant, in its trial brief, argued a question of possible direct classification of black vinyl raincoats under paragraph 216, as modified, as articles wholly or in part of carbon, not specially provided for. Defendant is grieved that we held it was defendant's burden to prove such asserted possible direct classification under paragraph 216 before plaintiff need meet that issue. We adhere to our previous ruling against defendant in this respect.

One would expect defendant to take comfort in the fact that plaintiff has now filed reply joining in the motion for rehearing to the extent of conceding that the coloring agent in the black vinyl film of the raincoats is carbon black the same as in *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910, which held black carbon colored raincoats dutiable under paragraph 216. To the contrary, defendant's memorandum in opposition to the concession is to point out that plaintiff cannot have judgment under paragraph 216 because there is no protest claim under paragraph 216. Faced with plaintiff's additional cross-motion to amend the protest to claim under paragraph 216, defendant opposes the motion contending it is premature and prejudicial to defendant's motion for rehearing. Defendant's argument appears to be purely technical since we are asked to deny the motion to amend without prejudice, presumably so that it could be renewed at a later date.

To delay this case further would gain nothing. It is clear that, in the posture of the motions and replies filed herein, the ultimate relief both parties seek is classification under paragraph 216. Accepting plaintiff's concession that the black vinyl raincoats of this protest are wholly or in part of carbon as a statement of fact, and on authority of

the *Weather-Rite* case, *supra*, we hold that the raincoats of this protest are dutiable under paragraph 216.

To this extent defendant's motion for rehearing and plaintiff's motion to amend the protest are granted. The judgment entered August 16, 1967, in this protest is vacated and set aside. Amended judgment will enter sustaining plaintiff's amended claim under paragraph 216.

It is so ordered.