56 CCPA

**JANA SALES CO., Inc., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5308.**

United States Court of Customs
and Patent Appeals.

Nov. 21, 1968.

Siegel, Mandell & Davidson, New York City, (Joshua M. Davidson, Harvey A. Isaacs, New York City, of counsel) for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, New York City, Chief, Customs Section, Owen J. Rader, New York City, for the United States.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal by the Jana Sales Company, Incorporated, from a decision and judgment of the First Division of the United States Customs Court, 59 Cust.Ct. 498, C.D. 3210, overruling the importer's protest against the collector's classification of, and assessment of duty at the compound rate of 33 cents per pound plus 25 per centum ad valorem on, merchandise imported by appellant.

The collector's assessment was based upon classification of the merchandise as pile fabric, wholly or in chief value of wool, under paragraph 1110 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, which provides:

> Pile fabrics, whether or not the pile covers the entire surface, wholly or in chief value of wool, and all articles, finished or unfinished, made or cut from such pile fabrics; all the foregoing, whether the pile is wholly cut, wholly uncut, or partly cut........ 33¢ per lb. and 25% ad val.

Appellant filed a protest contending that the merchandise should have been classified as Brussels carpet or as carpet of like character and description, and, therefore, assessed at 21 per centum ad valorem, under paragraph 1117(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, which provides in pertinent part:

> * * * Brussels carpets, rugs, and mats; * * * and carpets, rugs, and mats, of like character or description; all the foregoing regardless of value....................21% ad val.

The merchandise embraced by this appeal was described on the commercial in-

voice as "Wilton Carpet, Chief Value of Wool, Style No. T.418/3, 54" Wide." The parties stipulated that Plaintiff's Exhibit I was representative of the imported merchandise at bar and that Plaintiff's Exhibit I was made in the following manner:

Punched cards are produced which activate a jacquard mechanism, which lifts the desired colors for each row of pile. The warp threads which form the piles are drawn from superimposed frames of spools at the back of the loom, the spools in each frame being of a single color.

A wire is inserted and the weft binds the yarn firmly across the wire. The yarns which are not being used run under the wires of the fabric. When the looming is completed, the wire is withdrawn.

The parties further stipulated "that the merchandise, as imported, was 54 inches wide, and was imported in rolls of from 48⅛ yards to 57⅞ yards in length" and "that the merchandise was imported for and solely used after importation in the manufacture of carpet bags."

The Customs Court accepted the contention of the government, as defendant below, "that only such articles of merchandise are dutiable under paragraph 1117(a), supra, as are 'floor coverings.'" We agree with the court below and consider its opinion concerning statutory construction to be clear and without error.

■ We agree with the Customs Court that statutory construction of paragraph 1117 indicates that the words "carpets" and "rugs" used therein are limited to floor coverings. Paragraph 1117 consists of several subparagraphs which must be construed in *pari materia*. "[I]t is an elementary rule of construction that all the parts of an act relating to the same subject should be considered together, and not each by itself." 2 Sutherland & Lewis, Statutory Construction, § 344 (1904). The opening phrase of paragraph 1117(c), "All other floor coverings, including mats and druggets, wholly or in chief value of wool, not specifically provided for * *," is demonstrative of a Congressional limitation which applies to the paragraph as a whole and qualifies it in its entirety. We agree with the appellee that:

"All other floor coverings" (or floor coverings, not specially provided for, as per T.D. 54108) means that Congress, in providing for carpets and rugs in subparagraphs (a) and (b) paragraph 1117, was concerned only with those used as floor coverings. It is axiomatic in statutory construction that a "later clause or provision may qualify an earlier one," 2 Sutherland, supra, and this is certainly the intention of the lead phrase of subparagraph (c), as it must be considered in relation to subparagraphs (a) and (b). "A statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object." 2 Sutherland, supra, § 368 at 708. Such reading is doubtless the most reasonable and harmonious construction of the paragraph, as the Customs Court properly concluded.

We further agree with the court below that the legislative history surrounding the tariff provisions for carpets and rugs supports the conclusion that "carpets" and "rugs" in the tariff sense refer to floor coverings.

■ Inasmuch as the record as a whole reveals that Plaintiff's Exhibit I is not a floor covering, we do not believe that the imported merchandise belongs to the class of articles for which Congress provided in paragraph 1117.

The judgment is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.