(C.D. 3860)

RETTINGER RAINCOAT MFG. CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 26, 1969)

*Rode & Qualey* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Robert Blanc*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: This case has been submitted for decision on the following stipulation of counsel:

> IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, that the merchandise involved in the above entitled protest consists of black rainwear of synthetic rubber assessed with duty under Paragraph 216, Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T.D. 51802, at the rate of 15 per centum ad valorem as articles composed wholly or in part of carbon or graphite, wholly or partly manufactured not specially provided for;
>
> That said rainwear is in chief value of synthetic rubber and contains either 3.7 or 4.0 percent free or uncombined carbon; that the primary reason for the carbon is for the purpose of producing the black color and it adds no other property to the merchandise;
>
> That rainwear in chief value of synthetic rubber is made in various colors such as olive drab, yellow or red and such rainwear contains no free carbon, but other coloring matter;
>
> That black synthetic rainwear is bought and sold at the same price and has the same use as synthetic rainwear of other colors such as olive drab, yellow or red;
>
> That all of the entry papers, and laboratory reports, may be admitted into evidence as Collective Exhibit 1.

Plaintiff claims that the stipulated black rainwear is properly dutiable at 8½ per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary

Concessions to the General Agreement on Tariffs and Trade (T.D. 54108), which reads as follows:

All articles manufactured, in whole or in part, not specially provided for:

Synthetic rubber and synthetic rubber articles * * * _____ 8½% ad val.

Both sides have filed briefs citing *inter alia*, *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910 (1962), and *J. M. Rodgers Co., Inc* v. *United States*, 60 Cust. Ct. 42, C.D. 3251 (1968). This court, in *Weather-Rite*, held that synthetic black rubber rainwear, containing 5 percent and 9 percent carbon for the purpose of producing the black color and which added no other property to the rainwear, was properly dutiable under paragraph 216 rather than paragraph 1558, as modified, *supra*. In *Rodgers*, where the synthetic black rubber rainwear contained less than 2 percent carbon for the purpose of producing the black color, this court followed and cited the *Weather-Rite* decision. Plaintiff asks that we reverse the *Weather-Rite* and *Rodgers* decisions. We are not convinced that the *Weather-Rite* and *Rodgers* decisions are wrong and overrule the protest. *United States* v. *Mercantil Distribuidora et al.*, 45 CCPA 20, 24, C.A.D. 667 (1957).

Plaintiff's position here is that the court in the *Weather-Rite* and *Rodgers* cases was never asked to consider the tariff history of paragraph 216. That history, plaintiff contends, "clearly shows" that to support a classification under paragraph 216 the carbon must impart a specific property essential to the "function" of the article as opposed to carbon introduced into an article merely to impart color. We have read the portions of the history cited by plaintiff. The main class of articles discussed in the history, relative to paragraph 216 in the 1922 and 1930 Tariff Acts, are those described in paragraph 216 as electrical in character. Plaintiff, interestingly enough, admits that the discussion contains no "clear and definitive statement" of what Congress intended to be included in the classification of articles or wares composed wholly or in part of carbon, wholly or partly manufactured, and not specially provided for. (Plaintiff's brief, page 4.) The fact that carbon may have something to do with "function" in an electrical article, or, for that matter, any other article, does not suggest "that Congress intended the last provision in paragraph 216 [set forth in the above stipulation and under which this rainwear was classified], which provision is general in character, to cover electrical articles only", *United States* v. *Buhring Water Purifying Co.*, 22 CCPA 410, 412, T.D. 47403 (1934), or only those articles in which the carbon imparted a property essential to its "function".

Absent convincing history or other relevant considerations to the contrary, we know of no better basis upon which to classify merchandise than under the tariff classification to which the merchandise literally responds. That, after all, is the essence of any classifying system and is what moved the court to decide, as it did in *Weather-Rite, supra; Rodgers, supra;* and *Miller Harness Co., Inc.* v. *United States,* 59 Cust. Ct. 1, C.D. 3053, 270 F. Supp. 823 (1967), that articles, in this case rainwear, in part of carbon, are dutiable under the paragraph 216 classification "articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for" rather than as "articles manufactured, in whole or in part, not specially provided for", under paragraph 1558.

The protest is overruled. Judgment will so enter.