57 CCPA

**RETTINGER RAINCOAT MFG. CO., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5369.**

United States Court of Customs and Patent Appeals.

June 25, 1970.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Robert Blanc, New York City, for the United States.

Before RICH, Acting Chief Judge, BALDWIN and LANE, Judges, and MATTHEWS, Senior Judge, United States District Court for the District of Columbia, sitting by designation.

BALDWIN, Judge.

This is an appeal by Rettinger Raincoat Mfg. Co. from the judgment of the United States Customs Court, Third Division, 62 Cust.Ct. 748, C.D. 3860, overruling the importer's protest against the collector's classification of, and assessment of duty at the rate of 15% ad valorem on, certain articles of rainwear, in chief value of synthetic rubber but containing approximately 4% of free carbon as a pigment to impart a black color to the articles.

The collector's assessment was based upon classification of the merchandise as "[a]rticles or wares composed wholly or in part of carbon or graphite" under provisions of paragraph 216 of the Tariff Act of 1930, 46 Stat. 590, as modified by the General Agreement on Tariffs & Trade, T.D. 51802, as follows:

Rode & Qualey, New York City, attorneys of record, for appellant; Ellsworth F. Qualey, New York City, of counsel.

Articles or wares composed wholly or in part of carbon
   or graphite, wholly or partly manufactured, not
   specially provided for ......................... 15% ad val.

The appellant filed a protest contending the merchandise should have been classified as articles manufactured, in whole or in part, of synthetic rubber, dutiable at the rate of 8½% ad valorem under the following statute:

Paragraph 1588, Tariff Act of 1930 as modified by T.D. 54108.

All articles manufactured, in whole or in part, not specially provided for:
   Synthetic rubber and synthetic rubber articles 8½% ad val.

The case was submitted to the court below on a stipulation of facts which included the following:

That said rainwear is in chief value of synthetic rubber and contains either 3.7 or 4.0 percent free or uncombined carbon; that the primary reason for the carbon is for the purpose of producing the black color and it adds no other property to the merchandise;

That rainwear in chief value of synthetic rubber is made in various colors such as olive drab, yellow or red and such rainwear contains no free carbon, but other coloring matter;

That black synthetic rainwear is bought and sold at the same price and has the same use as synthetic rainwear of other colors such as olive drab, yellow or red.

The Customs Court overruled the appellant's protest and held that the merchandise was properly classified under paragraph 216, as assessed, as articles composed wholly or in part of carbon or graphite not specifically provided for.

The court apparently felt itself bound by prior Customs Court decisions in which articles containing small amounts of carbon used only for coloring purposes had been held to be properly classified under paragraph 216. See Weather-Rite Sportswear Co. v. United States, 49 Cust. Ct. 180, Abstract 66910 (1962), J. M. Rodgers Co. v. United States, 60 Cust.Ct. 42, C.D. 3251 (1968). Miller Harness Co., Inc. v. United States, 59 Cust.Ct. 1, C.D. 3053, 270 F.Supp. 823 (1967).

We do not agree.

This court has previously held rainwear in chief value of synthetic rubber as properly classifiable under provisions of paragraph 1558 of the Tariff Act of 1930. United States v. Weather-Rite Sportswear Co., 52 CCPA 7, C.A.D. 848 (1964). The rainwear in that case was yellow in color and contained no carbon. In the present case, the rainwear is different only in that it is black in color and contains a small percentage of carbon solely for the purpose of producing that black color. It is stipulated that the carbon adds no other property to the imported merchandise. It is further stipulated that the protested black rainwear "is bought and sold at the same price and has the same use as synthetic rainwear of other colors such as olive drab, yellow or red." Under these facts, we find it inconceivable that Congress would have intended that result which the decision below calls for.

"[I]t is an elementary rule of construction that all the parts of an act relating to the same subject should be considered together, and not each by itself". Also, "[a] statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object." 2 Sutherland, Statutory Construction, §§ 344, 368 (Lewis ed. 1904). See also, Jana Sales Co., Inc. v. United States, 402 F.2d 1014, 56 CCPA 24, C.A. D. 947 (1968).

Furthermore, paragraph 216 uses the language " * * * articles or wares composed wholly or in part of * * * ". The term "composed of" has been held to mean "made of" or "manufactured from" or "manufactured of", United States v. Accurate Millinery Co., 42 CCPA 229, C.A.D. 599. We are confident that Congress would not have used the words "composed of" if it had intended to encompass in this provision articles in which carbon served only as a coloring agent.

In summary, we hold that when paragraph 216 is viewed as a whole, the conclusion is required that it was not intended to encompass articles such as are in issue here. Therefore the judgment of the Customs Court is reversed.

Reversed.