(C.D. 4280)

WEATHER-RITE SPORTSWEAR CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 7, 1971)

*Norman Katz* for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Herbert P. Larsen,* trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

RE, Judge: The legal question presented in the protests in this case pertains to the proper classification, for customs duty purposes, of certain rubber articles of rainwear imported at the ports of San Francisco, Seattle and Los Angeles. Most of the articles were classified by similitude to articles in chief value of india rubber under paragraph 1537(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, by virtue of the provisions of paragraph 1559(a) of the Tariff Act of 1930, as amended. They were consequently assessed with duty at the rate of 12½ per centum ad valorem. Some of the articles were classified directly under paragraph 1537(b) of the tariff act, as modified, as articles in chief value of india rubber, and hence were also assessed with duty at the rate of 12½ per centum ad valorem.

The protests were specifically limited to that merchandise which was not invoiced as vinyl, and where there was no indication of color on the invoices, or where the color was stated to be "olive drab", "yellow", or "camouflage". As thus limited, plaintiff's sole claim is for classification under paragraph 1558 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, as "articles manufactured, in whole or in part, not specially provided for: Synthetic rubber and synthetic rubber articles". Pursuant to the claimed provision the merchandise would be dutiable at the rate of 8½ per centum ad valorem.

The merchandise was classified by similitude (paragraph 1559(a)) pursuant to the following statutory provision:

Paragraph 1537(b), as modified by T.D. 53865 and T.D. 53877:

"Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for (except * * *):
Other _____ 12½% ad val."

It is claimed that it is properly dutiable under the following provision:

Paragraph 1558, as modified by T.D. 54108:

"All articles manufactured, in whole or in part, not specially provided for:
Synthetic rubber and synthetic rubber articles _____ 8½% ad val."

The defendant, in addition to relying on the classification of the merchandise herein made, claims that the merchandise is properly classifiable as articles composed in part of carbon under paragraph 216 of the Tariff Act of 1930, as modified, by virtue of the similitude provisions of paragraph 1559(a) of that act, as amended.

The parties entered into the following stipulation:

"1. That the instant merchandise is rainwear and ground sheets, claimed to be in chief value of synthetic rubber.

2. That the instant merchandise, regardless of color, is used in exactly the same manner.

3. That those articles of instant merchandise which are shown by the invoices herein to be 'black' or 'charcoal' in color consist in part of carbon, which carbon was added thereto for the purpose of coloration.

4. That the use of the instant merchandise during the relevant period, that is, between the effective date of the General Agreement on Tariffs and Trade, T.D. 51802, and the effective date of the Tariff Schedules of the United States (TSUS), 19 U.S.C. 1202, did not vary."

In addition to the stipulation, the record in this case consists of the testimony of the president of the plaintiff corporation, and certain exhibits.

Plaintiff's exhibit 1 is a purchase order specifying synthetic rubber merchandise, dated October 13, 1962, from the plaintiff to Nippon Riken Gomu, Ltd. of Tokyo, Japan.

Plaintiff's collective exhibit 2 consists of four sales confirmations received by the plaintiff.

Plaintiff's exhibit 3 is a boy's yellow rain set, a coat with a matching hat. It appears that this same exhibit was in evidence in two prior cases involving claimed synthetic rubber articles.

The issue raised in this case was first tried in *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910 (1962), which dealt with rainwear in chief value of synthetic rubber and which was colored yellow, red, orange, olive drab, charcoal grey, or black. The articles of colors, other than charcoal grey or black, were assessed with duty at the rate of 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified, by virtue of the similitude provisions of paragraph 1559(a) of said act, as manufactures of india rubber. The charcoal grey or black rainwear was assessed with duty at the rate of 15 per centum ad valorem under paragraph 216 of the Tariff Act of 1930, as modified, as articles composed wholly or in part of carbon, not specially provided for. Plaintiff claimed that each type of article was properly dutiable under paragraph 1558 of the act, as modified, for "synthetic rubber and synthetic rubber articles".

In the first *Weather-Rite case*, Abstract 66910, it was stipulated that the charcoal grey articles contained less than 1% carbon; the black articles contained between 5% and 9% carbon; the remaining colors contained no carbon. It was further stipulated that the primary reason for the carbon in the black articles was for the purpose of producing the black color, and that it added no other property to the merchandise. As to the merchandise colored charcoal grey or black,

in the first *Weather-Rite* case, the court overruled plaintiff's claim and held that it was properly classifiable under paragraph 216 of the act as "articles * * * composed * * * in part of carbon", as assessed. Certain articles colored other than charcoal grey or black, and stipulated to contain no carbon, had been assessed under paragraph 1537(b) by similitude to manufactures of india rubber. As to these articles, counsel for the defendant in that case conceded in its brief that they were properly dutiable under paragraph 1558 as synthetic rubber articles. The court agreed and held that they were properly dutiable as claimed.

It appears that the *Weather-Rite* decision just discussed, Abstract 66910, was limited in effect by the Bureau of Customs, and not all of the merchandise was deemed dutiable as synthetic rubber articles. Thereafter, a second case was tried also entitled *Weather-Rite Sportswear Co., Inc.* v. *United States*, 51 Cust. Ct. 221, Abstract 68019 (1963). The issue in the second case was identical to the previous *Weather-Rite* case, Abstract 66910, and the record of the first case was incorporated in the second case. The second action was submitted on an agreed statement of facts which established that the articles were in chief value of synthetic rubber, that they were similar in use to rubber rainwear, and that they contained no carbon. Upon the second trial, Abstract 68019, of the same issue, the court again found that as to the merchandise classified by similitude in use to india rubber, such articles were properly dutiable at the rate of 8½ per centum ad valorem under paragraph 1558, as modified, for synthetic rubber articles, as claimed.

An appeal was subsequently taken by the Government from the second decision and judgment. The appellate court, in *United States* v. *Weather-Rite Sportswear Co., Inc.*, 52 CCPA 7, C.A.D. 848 (1964), affirmed the prior holding of the Customs Court, Abstract 68019, that rainwear in chief value of synthetic rubber was properly classifiable under paragraph 1558, as modified. The appellate court decision adverted to the recognition by this court in Abstract 68019 of the "long standing tariff distinction among different kinds or types of rubber articles"; that Congress regarded india rubber and hard rubber as different commodities for tariff purposes, and that synthetic rubber and india rubber have also been judicially distinguished. In its decision the appellate court stated:

> "It clearly appears that it was the intention of the negotiators of GATT to include all synthetic rubber articles within the provision for such articles negotiated under paragraph 1558." 52 CCPA at 10.

It appears that certain stipulations, predicated upon this appellate court decision and which warranted judgments in favor of the plain-

tiff, were rejected by the customs officials upon filing at the ports of San Francisco, Seattle and Los Angeles. For this reason, the same issue is once again before this court. There is incorporated in the present case the record in the prior appellate court case, C.A.D. 848, which in turn had incorporated the record in *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910 (1962).

In the case at bar, the defendant maintains that all of the merchandise is properly dutiable at the rate of 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified, either by direct classification, or by virtue of the similitude clause of paragraph 1559(a) of said act, as amended, as "manufactures of india rubber * * *, not specially provided for". The defendant apparently takes the position that the decision of the appellate court in C.A.D. 848, was based upon a finding that there was no evidence to support the Government's position in the *Weather-Rite* appeal that the merchandise there in issue was similar in *use* to any articles directly classifiable under paragraph 1537(b) of the Tariff Act of 1930.

It is the determination of the court that the entire similitude question was considered by the Court of Customs and Patent Appeals in the prior *Weather-Rite* case, and that the view of the Government was specifically rejected by the court. The appellate court appears to have based its decision upon the failure of the Government to establish that at the time of the negotiation of GATT, synthetic rubber articles were not dutiable under paragraph 1558, and that it was the intention of the negotiators to exclude such articles from paragraph 1558 which were dutiable by similitude under other paragraphs of the tariff act. As previously noted, however, the appellate court held that it was the intention of the negotiators of GATT to include all synthetic articles within the provision for such articles negotiated under paragraph 1558.

In the second *Weather-Rite* case, 51 Cust. Ct. 221, Abstract 68019 (1963), the trial court at page 222, observed:

> "The issue herein is identical with that which was before us in *Weather-Rite Sportswear Co., Inc.* v. *United States*, 49 Cust. Ct. 180, Abstract 66910, the record in which case was incorporated herein by consent of the parties. The said case was submitted on an agreed set of facts, which, so far as pertinent herein, establish that the articles in question are in chief value of synthetic rubber, that they are similar in *use* to *rubber rainwear*, and that they contain no carbon." (Italics added.)

The court further stated:

> "Synthetic rubber, possessing the essential characteristics or qualities of natural rubber, is *rubber*." (Italics added.) Ibid.

It would seem clear, therefore, that the court in the second *Weather-Rite* case, Abstract 68019, considered the question of "use" in the determination of the classification of the synthetic rubber articles there involved.

The defendant questions whether it has been established that the merchandise under consideration consists of manufactured synthetic rubber articles. Plaintiff's collective exhibit 2 consists of four sales confirmations of orders placed by the plaintiff with certain manufacturers in Japan. These documents received from the manufacturers indicate that the merchandise covered thereby consisted of synthetic rubber manufactures. Plaintiff's witness testified that during the period of 1958 to 1963 the material composition of the garments ordered by his company was "synthetic rubber". The record indicates that plaintiff's exhibit 3 was the same exhibit which was before the court in two prior *Weather-Rite* cases reported in Abstract 66910 and Abstract 68019. Plaintiff's witness testified that the very sample introduced as exhibit 1 in each of the incorporated cases is the same garment that was introduced as exhibit 3 in the case at bar. The witness further testified that "[t]his type of merchandise is representative of the rainwear which is included in the matter before the Court" and that "the composition is exactly the same".

More recently, in the case of *Rettinger Raincoat Mfg. Co.* v. *United States*, 57 CCPA 119, C.A.D. 989 (1970), the merchandise consisted of certain rainwear, black in color, stipulated to be in chief value of synthetic rubber, and containing a small percentage of carbon solely for the purpose of producing the black color. It was further stipulated that the carbon added no other property to the imported merchandise. The court held the merchandise properly classifiable under paragraph 1558 of the Tariff Act of 1930 as claimed, rather than, as classified, under paragraph 216 of that act. In its decision, the appellate court, *inter alia*, at page 121, stated:

> "This court has previously held rainwear in chief value of synthetic rubber as properly classifiable under the provisions of paragraph 1558 of the Tariff Act of 1930. *United States* v. *Weather-Rite Sportswear Co.*, 52 CCPA 7, C.A.D. 848 (1964). * * *"

The defendant, in the case at bar, now maintains that "the rule remains that an article must be in *chief value* of synthetic rubber, not merely 'composed' thereof, to be within the scope of paragraph 1558, as modified." (Defendant's brief, p. 12)

With respect to the composition of the imported merchandise in this case, plaintiff's witness testified upon personal knowledge that synthetic rubber was the component material of chief value in the various articles covered by the entries. On the question of proof of component material of chief value of imported merchandise, in the

case of *Chas. Kurz Co.* v. *United States*, 57 Cust. Ct. 73, 79, C.D. 2733 (1966), this court has stated:

> "In a few cases, the component material of chief value is difficult to determine and requires full details and extended attention by counsel, witnesses, and the court. In many others, it is rather obvious. We are reluctant to burden the record in the many cases with material needed in but a few. That is avoided if, as here, plaintiff's counsel develops the facts to show component material of chief value *prima facie* with a broad, conclusory statement[s] by a witness who should know. Counsel for defendant could then, as the circumstances may suggest, either (a) object that the testimony is opinion without a proper foundation, or (b) develop by cross-examination that the statement is not based on facts, or that an incorrect way of determining value was used. Omission to do either would connote a willingness that component material of chief value might be decided on the basis of the *prima facie* showing and if nothing further transpired would for practical purposes be tantamount to a stipulation. * * * "

In *Romicks International, Inc.* v. *United States*, 64 Cust. Ct. 316, 322, C.D. 3997 (1970), Judge Maletz, in his concurring opinion, cited the *Kurz Co.* case, and stated:

> "I myself would conclude that the imported articles are in chief value of steel for two reasons: * * * Second, plaintiff's counsel developed the facts as to component material of chief value with a broad conclusory statement by a witness who should know. There was no objection by the defendant to the competency of that testimony or any cross-examination on the issue. * * * "

In the opinion of the court, the factors present in the case at bar, relative to the competency of plaintiff's witness to testify concerning the component material of chief value in the imported merchandise, bring them within the rule enunciated in the *Kurz* case. In the case at bar, the testimony adduced on behalf of the plaintiff was given "by a witness who should know", and it was not offset by any evidence or testimony on behalf of the defendant.

Defendant's objections as to the testimony given by plaintiff's witness on the composition of the merchandise are without merit. Plaintiff's witness was clearly qualified to testify as to the component material of chief value in the rainwear at bar. He was engaged in the purchasing and management of the importer's business. He had observed the rubberization process of the manufacturers in Japan of rainwear ordered by his company in which the specifications called for synthetic rubber. He further testified that he had observed the mixture of the rubber portion of merchandise such as exhibit 3; that in such process synthetic rubber was used; that mixed in with the synthetic rubber "a little bit of chopped-up tires and a little bit of clay" are used, but "the main part of it is the synthetic rubber."

Defendant, in its brief, maintains that the testimony of plaintiff's witness, as to the component material in chief value of the imported merchandise, appears to have been based on hearsay, and, accordingly was inadmissible. At the trial, however, the defendant made no objection to the admissibility of this testimony. In a similar situation, this court in *Stonewall Trading Co.* v. *United States*, 64 Cust. Ct. 482, C.D. 4023, 313 F. Supp. 410 (1970), stated:

> "Since no timely objection was made at the trial, the objection is deemed to have been waived, and the admissibility of the testimony may not properly be argued in the brief. Such testimony is part of the evidence in the case, and may be relied upon by plaintiff * * *.
>
> * * * * * *
>
> That such evidence may be considered by the court see *Diaz* v. *United States*, 223 U.S. 442, 450, 32 S. Ct. 250 (1912). * * *" 64 Cust. Ct. at 486.

The testimony of plaintiff's witness, that the merchandise in question is composed of synthetic rubber, is supported by the Customs Laboratory Report found with the official papers in protest 62/7379, one of the protests consolidated in this case. This report indicates that the merchandise is synthetic rubber. On the basis of this report, the defendant has conceded that the merchandise covered by that protest is synthetic rubber.

The testimony of plaintiff's witness, as to the component material of chief value of the merchandise at bar, is reinforced by the Reports of Collectors of Customs in twenty-six protests included herein. (Defendant's brief, Appendix B) These reports indicate that the merchandise covered thereby is synthetic rubber articles or manufactures. Defendant, in its brief, states that "for the purposes of these 26 protests only, it may be conceded that plaintiff did not have the burden of proving that the merchandise in issue is described in the language of paragraph 1558, as modified by T.D. 54108."

Plaintiff, in its brief, points out that some five hundred protests, covering importations of synthetic rubber merchandise by its company, were approved for stipulation by the Assistant Attorney General on behalf of the Government, and that judgments were rendered by this court sustaining plaintiff's claim for classification under paragraph 1558. The court in this case has taken judicial notice of the fact that such judgments were rendered in the prior protests. Furthermore, plaintiff's witness in the present case, without objection by the defendant, has in effect testified that the merchandise at bar is the same as the merchandise upon which stipulations were entered into and judgments rendered in the prior cases. Consequently, it would seem to be clear that the merchandise, the parties and the issues are the same as those upon which judgments were rendered in the prior stipulated protests.

Upon the present record, the court is satisfied that the plaintiff has borne its dual burden of proof, and has established that the merchandise has been erroneously classified and that the claimed classification is correct. *The United States* v. *New York Merchandise Co., Inc.*, 58 CCPA 53, C.A.D. 1004, 435 F. 2d 1315 (1970). Accordingly, it is the holding of the court that the rainwear in question is properly dutiable under paragraph 1558 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 8½ per centum ad valorem under the provision therein for synthetic rubber and synthetic rubber articles, as claimed.

In view of this holding, and upon the authority of the previously cited cases, defendant's contention for classification of the controverted merchandise by similitude (Par. 1559(a)) under paragraph 216 of the Tariff Act of 1930, as modified, for articles composed in part of carbon, is without merit.

Based upon the foregoing, the protests are sustained. Judgment will issue accordingly.