**SUMITOMO SHOJI NEW YORK, INC.**

v.

**UNITED STATES.**

**C.D. 4595, Court Nos. 65/11176.**

United States Customs Court.

May 2, 1975.

Rode & Qualey, New York City (Ellsworth F. Qualey, New York City, and William E. Melahn, Boston, Mass., of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (John A. Gussow, New York City, trial atty.), for defendant.

LANDIS, Judge:

These protest actions, involving merchandise imported from Japan and entered at New York during the period 1962–1963, were consolidated without objection and submitted for decision on cross-motions for summary judgment filed in 1974. The actions were brought in this court in the year 1972 and involve the customs classification, under

the Tariff Act of 1930, as modified, of black colored articles in chief value of synthetic rubber, variously described as synthetic rubber boots, overshoes, artics, sandals, and clogs, Customs classified the merchandise under paragraph 216 of the Tariff Act, as modified by T.D. 51802, viz:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 216 | Articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for .............. | 15% ad val. |

Plaintiff seeks judgment classifying the merchandise under paragraph 1558 of the Tariff Act of 1930, as modified by T.D. 54108, viz:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | All articles manufactured, in whole or in part, not specially provided for: Synthetic rubber and synthetic rubber articles * * * .... | 8½% ad val. |

No material facts that I can discern are in issue. It is agreed, on these cross-motions, that the imported merchandise consists of black colored articles in chief value of synthetic rubber which contains carbon and that the carbon, in addition to pigmentation, i. e., serving to color the footwear black, does add substantial additional qualities to the footwear, such as reinforced tensile strength, abrasion resistance, tear resistance, and increased hardness.

The issue is, therefore, whether the imported merchandise which is in chief value of synthetic rubber, but which contains carbon that colors the article black and, in this case, also reinforces the rubber against wear and tear, is properly dutiable under paragraph 216 as an article *composed in part* of carbon, not specially provided for, or properly dutiable under paragraph 1558, as modified by T.D. 54108, as synthetic rubber articles manufactured in whole or in part, not specially provided for.

The issue herein has roots in two cases decided on appeal and discussed by both sides in this continuing dispute between importers and the defendant over the classification of articles wholly or in chief value of synthetic rubber. Defendant lost both previous cases, where

the articles, wholly or in chief value of synthetic rubber, were raincoats. Defendant lost the first case by decision holding that raincoats, wholly or in chief value of synthetic rubber, *containing no carbon,* were not dutiable by similitude (paragraph 1559) to articles of india rubber (paragraph 1537(b)), as classified by customs, but properly dutiable as synthetic rubber articles under paragraph 1558, as modified. *United States* v. *Weather-Rite Sportswear Co., Inc.,* 52 CCPA 7, C.A.D. 848 (1964). Defendant lost the second case by decision holding that raincoats, in chief value of synthetic rubber, containing a small percentage of carbon which, however, added no property to the raincoats other than to color them black, were not dutiable under paragraph 216 as articles wholly or in part of carbon, not specially provided for, as classified by defendant, but were properly dutiable as articles manufactured in whole or in part of synthetic rubber, not specially provided for, under paragraph 1558. *Rettinger Raincoat Mfg. Co.* v. *United States,* 427 F.2d 1258, 57 CCPA 119, C.A.D. 989 (1970).[1] The *Rettinger* case also apparently overruled the following decisions of this court, viz: *Weather-Rite Sportswear Co., Inc.* v. *United States,* 49 Cust.Ct. 180, Abstract 66910, 298 F.Supp. 508 (1962); *Miller Harness Co., Inc.* v. *United States,* 59 Cust.Ct. 1, C.D. 3053, 270 F. Supp. 823 (1967); *J. M. Rodgers Co., Inc.* v. *United States,* 60 Cust.Ct. 42, C. D. 3251, 273 F.Supp. 442 (1968).

Defendant urges that the "unequivocal basis for denying classification under paragraph 216 was the material fact (stipulated therein) that the *Rettinger* merchandise contained free carbon 'for the purpose of producing the black color and it [the carbon] * * * [added] no other property to the merchandise'." [2]

"In plaintiff's view of this case [under the *Weather-Rite* and *Rettinger* decisions, *supra*] it matters not whether the imported articles contain carbon or do not contain carbon or what purpose the carbon serves in the merchandise, if any. The only criterion for classification, plaintiff submits, is whether the articles are in chief value of synthetic rubber." [3]

The springboard for the argument in this case is, quite obviously, first, the underlying basis of the decision in the *Rettinger* case and, second, how it applies to the classification of the article footwear in this case.

In *Rettinger, supra,* the court of appeals stated as follows:

The Customs Court overruled the appellant's protest and held that the merchandise was properly classified under paragraph 216, as assessed, as articles composed wholly or in part of carbon or graphite not specifically provided for.

The court apparently felt itself bound by prior Customs Court decisions in which articles containing small amounts of carbon used only for coloring purposes had been held to be properly classified under paragraph 216. See *Weather-Rite Sportswear Co.* v. *United States,* 49 Cust.Ct. 180, Abstract 66910 [, 298 F.Supp. 508] (1962), *J. M. Rodgers Co.* v. *United States,* 60 Cust.Ct. 42, C.D. 3251 [, 273 F.Supp. 442] (1968). *Miller*

---

1. See also, *Weather-Rite Sportswear Co., Inc.* v. *United States,* 67 Cust.Ct. 237, C.D. 4280 (1971) (synthetic rainwear), the latest in depth review by this court of the case history on the classification of synthetic rubber articles, and sustaining importer's claim under paragraph 1558.

2. Defendant's brief, page 3.

3. Plaintiff's memorandum in opposition to defendant's cross-motion for summary judgment, page 1. Defendant in a reply to plaintiff's opposition, states that "it is sufficient to note that such concept is unsupported by any decision, and is indeed rebutted by the very existence of paragraph 216, which provides for articles in part of carbon * * *."

*Harness Co., Inc.* v. *United States,* 59 Cust.Ct. 1, C.D. 3053, 270 F.Supp. 823 (1967).

We do not agree.

This court has previously held rainwear in chief value of synthetic rubber as properly classifiable under provisions of paragraph 1558 of the Tariff Act of 1930. *United States* v. *Weather-Rite Sportswear Co.,* 52 CCPA 7, C.A.D. 848 (1964). The rainwear in that case was yellow in color and contained no carbon. In the present case, the rainwear is different only in that it is black in color and contains a small percentage of carbon solely for the purpose of producing that black color. It is stipulated that the carbon adds no other property to the imported merchandise. It is further stipulated that the protested black rainwear "is bought and sold at the same price and has the same use as synthetic rainwear of other colors such as olive drab, yellow or red." Under these facts, we find it inconceivable that Congress would have intended that result which the decision below calls for.

"[I]t is an elementary rule of construction that all the parts of an act relating to the same subject should be considered together, and not each by itself". Also, "[a] statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object." 2 Sutherland, Statutory Construction, §§ 344, 368 (Lewis ed. 1904). See also, *Jana Sales Co., Inc.* v. *United States,* 402 F.2d 1014, 56 CCPA 24, C.A.D. 947 (1968).

Furthermore, paragraph 216 uses the language " * * * articles or wares composed wholly or in part of * * * ". The term "composed of" has been held to mean "made of" or "manufactured from" or "manufactured of", *United States* v. *Accurate Millinery Co.,* 42 CCPA 229, C.A.D. 599. We are confident that Congress would not have used the words "composed of" if it had intended to encompass in this provision articles in which carbon served only as a coloring agent.

In summary, we hold that when paragraph 216 is viewed as a whole, the conclusion is required that it was not intended to encompass articles such as are in issue here. Therefore the judgment of the Customs Court is *reversed* [57 CCPA, pages 121–122.][4]

The *Rettinger* decision holds that articles of rainwear in chief value of synthetic rubber, containing a small amount of carbon to color the rainwear black, are properly classifiable under paragraph 1558, as articles manufactured in whole or in part of synthetic rubber, rather than under paragraph 216, as articles composed wholly or in part of carbon. The articles in this case are in chief value of synthetic rubber and contain an undisclosed amount of carbon to color the articles black and, in addition, give a measure of strength, abrasive resistance and hardness to the articles. If rainwear in chief value of synthetic rubber with a small amount of carbon added for purpose of color is not classifiable under paragraph 216, I find it difficult to conclude that footwear in chief value of synthetic rubber with an undisclosed amount of carbon added is properly clas-

4. Compare, *Northern Warren Corp. et al.* v. *United States,* 475 F.2d 647, 60 CCPA 117, C.A.D. 1092 (1973), where the court of appeals affirmed that pearl essence pigment containing 0.15 percent of a coal-tar derivative for a specified purpose was not within the *de minimis* rule of classification and was, therefore, properly dutiable as a mixture *consisting in part of* coal tar under paragraph 27(a), as modified, rather than as pearl essence under paragraph 66, as modified.

sifiable under paragraph 216.[5] For tariff purposes, the added carbon in *Rettinger* did not change articles of rainwear in chief value of synthetic rubber into articles of rainwear composed in part of carbon. I am of the opinion that the footwear in this case is on the same level as rainwear with respect to the statement in *Rettinger*, namely that paragraph 216 "was not intended to encompass articles such as are in issue here."

Plaintiff's motion for summary judgment is, accordingly, granted. Defendant's cross-motion is denied.

*Judgment will so enter.*

5. The observation in *Rettinger* that the term "composed of" [which is found in 216] has been held to mean "made of" or "manufactured from" or "manufactured of" does not exclude the application of 1558 when it is realized that 1558 similarly provides for "articles manufactured."