**The UNITED STATES, Appellant,**

v.

**SUMITOMO SHOJI, NEW YORK, INC., Appellee.**

**Customs Appeal No. 75–31.**

United States Court of Customs and Patent Appeals.

May 13, 1976.

---

Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Andrew P. Vance, Chief, Customs Section, David R. Ostheimer, New York City, for the United States.

Rode & Qualey, New York City, attys. of record, for appellee; Ellsworth F. Qualey, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

RICH, Judge.

This appeal is from the judgment of the United States Customs Court, 74 Cust.Ct. 121, C.D. 4595, 396 F.Supp. 748 (1975), granting appellee-importer's motion for summary judgment and denying the Government's cross-motion for summary judgment. The Customs Court sustained appellee's claim that the imported synthetic rubber footwear, imported in 1962 and 1963 and classified as "Articles * * * composed wholly or in part of carbon," are properly classified as "synthetic rubber articles." We affirm.

### The Imported Articles

Appellee's "statement of material facts as to which [it] * * * contends there is no genuine issue to be tried," annexed to its motion for summary judgment, reads:

* * * the merchandise at bar consists of black colored articles in chief value of synthetic rubber variously described as synthetic rubber boots, overshoes, artics [sic], sandals and clogs. The articles are in chief value of synthetic rubber and the carbon contained in them adds substantial additional qualities, such as reinforced tensile strength, abrasion resistance and tear resistance in addition to pigmentation.

In its cross-motion, the Government adopted this statement, with the elaboration that

* * * the merchandise the subject of this dispute contains carbon in amounts intentionally introduced for the purpose of adding substantial additional qualities to the footwear * * *.

### Statutory Provisions

The Government classified the merchandise under paragraph 216 of the Tariff Act of 1930, as modified by T.D. 51802:

216    Articles or wares composed wholly
       or in part of carbon or graphite,
       wholly or partly manufactured,
       not specially provided for  .....15% ad val.

The Customs Court held that the merchandise is properly classifiable under paragraph 1558 of the Tariff Act of 1930, as modified by T.D. 54108:

1558    All articles manufactured, in
        whole or in part, not
        specially provided for:
          Synthetic rubber and syn-
          thetic rubber articles
          * * *  .............. 8½% ad val.

### Customs Court Opinion

The court relied heavily on the opinion in *Rettinger Raincoat Mfg. Co. v. United States,* 427 F.2d 1258, 57 CCPA 119, C.A.D. 989 (1970). After quoting from *Rettinger* extensively, the court concluded (footnote omitted):

> If rainwear in chief value of synthetic rubber with a small amount of carbon added for purpose of color is not classifiable under paragraph 216, I find it difficult to conclude that footwear in chief value of synthetic rubber with an undisclosed amount of carbon added is properly classifiable under paragraph 216. For tariff purposes, the added carbon in *Rettinger* did not change articles of rainwear in chief value of synthetic rubber into articles of rainwear composed in part of carbon. I am of the opinion that the footwear in this case is on the same level as rainwear with respect to the statement in *Rettinger,* namely, that paragraph 216

"was not intended to encompass articles such as are in issue here."

### OPINION

The issue is whether Congress intended paragraph 216 to encompass the goods at bar.

■ The parties agree that the goods are in chief value of synthetic rubber and contain sufficient carbon to add substantial beneficial qualities to the rubber. Paragraph 216 requires that goods classifiable thereunder be "composed" wholly or in part of carbon or graphite. The goods are certainly not wholly of carbon, and the carbon added to the rubber does not cause the rubber to take on properties of elemental carbon. The word "composed" is not sufficiently precise to be a reliable guide to Congressional intent, so we resort to rules of construction to help us ascertain that intent.

■ Under the rule of *noscitur a sociis* the intent of a specific word may become clearer by reference to the other words associated with it in the statute. See generally R. Sturm, *A Manual of Customs Law* 177–79 (1974) and cases there cited. Schedule 2 of the Tariff Act of 1930 is entitled "Earths, Earthenware, and Glassware." The provisions of paragraph 216 other than the one before us, which precede the n.s.p.f. provision at bar, cover carbons and electrodes for producing electric arc light, electric furnace or electrolytic electrodes of carbon or graphite, and brushes for electric motors and generators. The remainder of Schedule 2 pertains primarily to earths, ceramics, glass, and articles of glass. Articles in chief value of synthetic rubber appear to have no place in Schedule 2.

■ Furthermore, to classify the goods at bar under paragraph 216 would be inconsistent with other provisions of the Tariff Act of 1930 and would produce anomalous results which we cannot attribute to Congress. *Cohn & Rosenberger v. United States,* 4 Ct.Cust.Appls. 378, T.D. 33536 (1913). First, articles in chief value of natural rubber are classified under paragraph 1537(b) without regard to the presence or

absence of carbon. We see no rational basis for concluding that presence of carbon as a filler, adding substantial qualities to natural rubber, should *not* affect the classification of *natural* rubber articles while finding that the carbon added to the *synthetic* rubber goods at bar should transform them from synthetic rubber articles to "articles composed in part of carbon." Second, carbon is not the only reinforcing filler for synthetic rubber. Even if carbon is the most desirable filler for the purpose, the statute evidences no Congressional intent to classify synthetic rubber articles with carbon filler differently from synthetic rubber articles with other fillers or no filler.

The Government contends that the properties added to the goods by the carbon distinguish this case from *Rettinger,* supra, which the Government insists found the carbon added to the goods to be of no significance to classification under the maxim *de minimis non curat lex.* That may be. But the differences in the facts between this case and *Rettinger* require us to reexamine the legal issue common to both, i. e., whether Congress intended the respective goods to be classified under paragraph 216.

In addition to the foregoing reasons for holding that Congress did not intend paragraph 216 to cover goods such as those at bar, we draw attention to what this court said in *United States v. Weather-Rite Sportswear Co.,* 52 CCPA 7, 10, C.A.D. 848 (1964), concerning the modification of paragraph 1558 by the General Agreement on Tariffs and Trade (GATT, emphasis ours):

> We have taken cognizance of appellant's contention that the modification by GATT of the rate of duty provided by paragraph 1558 did not bring within the scope of that paragraph any items not previously covered thereby. We take no exception to the soundness of the legal principle embodied in this contention.
>
> * * * It clearly appears that it was the intention of the negotiators of GATT to include all synthetic rubber articles within the provision for such articles negotiated under paragraph 1558. In support of this view, appellee cites the Trade

Agreements Digest of 1946 prepared by the Tariff Commission for use in trade agreement negotiations which lists under paragraph 1558 "Rubber substitutes (advanced) and synthetic rubber articles not in part carbon, not specially provided for."

The United States Tariff Commission publication entitled "United States Imports in 1946 of Products on Which the United States Will Consider Tariff Concessions in Current Trade Agreement Negotiations," dated March 1947, listed under paragraph 1558, "Synthetic rubber not in part of carbon and synthetic rubber articles not in part of carbon, not specially provided for."

The Summary of Tariff Information of 1948 states:

> "Synthetic rubber was not commercially produced when the Tariff Act of 1930 was written and the act did not specifically provide for the tariff treatment of imports of this material and the products made therefrom. *It was subsequently interpreted by administrative action* : 1) That imports of synthetic rubber *not containing free carbon* were dutiable under Paragraph 1558 as articles manufactured in whole or in part, not specially provided for. * * *"

The remainder of the portion of the 1948 *Summaries of Tariff Information,* volume 15, part 9 at 153, supra, which the court did not quote, continued (emphasis ours):

* * * (2) that imports of synthetic rubber containing free carbon (in whatever proportion) would be dutiable under paragraph 216 as manufactures in part of carbon; and (3) that imports of articles made from synthetic rubber (unless the articles, regardless of material, are specifically provided for under other paragraphs of the tariff act) similarly would be dutiable under paragraphs 1558 *or 216, depending upon whether or not they contain free carbon.*

This summary covers only synthetic rubber and miscellaneous synthetic rubber products containing no free carbon;

these are now dutiable under paragraph 1558 at 10 percent ad valorem.

Footnote 1 reads:

> So far as is known, synthetic rubber containing free carbon has not been imported. Such synthetic rubber, however, would be dutiable under paragraph 216 at 15 percent ad valorem. A substantial proportion of United States rubber manufactures consist of products made of synthetic rubber mixed with carbon black. Such products if imported are dutiable as indicated above under paragraph 216 at 15 percent ad valorem unless specifically provided for in other paragraphs of the tariff act. The production and trade of synthetic rubber products containing free carbon is discussed in the various summaries covering products made of natural rubber, mainly under paragraph 1537(b).

Our decision in *Rettinger* in effect overruled administrative interpretation (3), supra. We are not bound in any case by an administrative interpretation so out of line with what we perceive to have been the Congressional intent. As we noted in *Rettinger*, 427 F.2d at 1260, 57 CCPA at 122, "The term 'composed of' has been held to mean 'made of' or 'manufactured from' or 'manufactured of', *United States v. Accurate Millinery Co.*, 42 CCPA 229, C.A.D. 599 [(1955)]." The substantial additional properties added by the carbon to the synthetic rubber of the goods at bar do not make the goods any more than "synthetic rubber articles." And we do not consider these goods to be "made of," "manufactured from," or "manufactured of" carbon, wholly or in part, as paragraph 216 requires.

Failing on the main issue, the Government also contends that summary judgment was improper because of the presence of a genuine issue of material fact requiring trial, i. e., the identification of the merchandise with respect to its specific carbon content by percent. We do not see what possible relevance the exact carbon content of the goods has to a resolution of the legal issue here. Thus the fact issue is not a "material" one. The merchandise was amply identified.

The judgment of the Customs Court is *affirmed.*